**Aaron T. WISE a/k/a Thomas Frederick Wise, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 779S188.

Supreme Court of Indiana.

Feb. 5, 1980.

🔑1159.2(8)

Walter E. Bravard, Jr., Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Defendant, Aaron T. Wise a/k/a Thomas Frederick Wise, was convicted by a jury of theft, Ind.Code § 35–43–4–2 (Burns 1979 Repl.), and that jury found that defendant was a habitual offender, Ind.Code § 35–50–2–8 (Burns 1979 Repl.). Defendant was sentenced to consecutive terms of four years for theft and thirty years under the habitual offender statute. He now appeals raising the following issues.

1. Whether there is sufficient evidence to support the conviction for theft;

2. Whether the statute of limitations had run on the habitual offender charge;

3. Whether sentencing under the habitual offender statute constitutes double jeopardy in violation of Ind.Code § 35–41–4–3 (Burns 1979 Repl.) and Ind.Const. Art. 1 § 14;

4. Whether the thirty-year sentence for habitual offenders is in violation of Ind. Const. Art. 1 § 18, Ind.Const. Art. 1 § 16 and U.S.Const. amend. VIII;

5. Whether one of the two prior felonies forming the basis for defendant's sentencing as a habitual offender was in fact a misdemeanor; and

6. Whether the sentencing procedure under the habitual offender statute violated defendant's right to trial by a fair and impartial jury.

The facts which are supportive of the judgment of the trial court follow.

On April 15, 1978, an employee of a Central Hardware store in Indianapolis, Indiana, observed defendant pushing a cart with an air conditioner and two sheets of paneling on it toward an emergency exit. It was normal procedure of that store to have a salesman accompany a purchaser of a major appliance to the front door. After notifying the assistant manager of the situation, the employee noticed that the door was open and the air conditioner was gone. The assistant manager and a sheriff's deputy observed defendant place the air conditioner in a white automobile. When defendant started to drive off he was stopped by the deputy. Defendant denied knowledge of the air conditioner and stated that he did not have a receipt for it.

The jury returned a verdict of guilty of theft. The state introduced certified copies of documents establishing that defendant had been convicted of theft in 1976 and fined one thousand dollars. The state also introduced documentation of a 1972 conviction of entering with intent to commit a felony.

I.

Defendant first contends that the evidence is insufficient to sustain the conviction for theft of the air conditioner. In reviewing the sufficiency of the evidence, we are constrained to consider that which is most favorable to the state, together with all reasonable and logical inferences to be drawn from that evidence. When there is substantial evidence of probative value supporting the jury's verdict, the conviction will not be set aside. *Faught v. State*, (1979) Ind., 390 N.E.2d 1011; *Henderson v. State*, (1976) 264 Ind. 334, 343 N.E.2d 776.

Ind.Code § 35–43–4–2 (Burns 1979 Repl.) provides:

"A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a class D felony."

Defendant claims that two of the above elements of theft were not proved at trial. Defendant argues that the evidence was insufficient to establish that the air conditioner was the property of another, or that defendant's control over that property was

unauthorized. He asserts that the only evidence which could establish these elements was a price tag on the air conditioner, which the evidence showed would not have been removed even if the air conditioner had been purchased, and the fact that no one was authorized to carry an air conditioner out of that particular emergency exit.

Defendant ignores other evidence from which the jury could infer ownership in Central Hardware and defendant's lack of authority. The air conditioner was in a Central Hardware store, two agents of Central Hardware deemed it necessary to interrupt defendant's control over the item and defendant did not have a receipt for the air conditioner. Defendant invites us to speculate that he had in fact returned the appliance for repairs and was merely picking up his own property. Reaching alternative inferences is a function of the trier of fact, not this Court. We find sufficient evidence to support defendant's conviction for theft.

## II.

Defendant points out that in 1971 the statute of limitations for all felonies except treason, murder, arson and kidnapping was five years. His conviction for entering with intent to commit a felony came as a result of a crime committed in 1971, and, therefore, further prosecution for that offense is barred by Ind.Code § 35–41–4–2 (Burns 1979 Repl.). Defendant's assessment of the statute of limitations is correct, but wholly inapplicable to the case at bar. Defendant has been convicted and punished for the 1971 crime. He was neither tried nor sentenced for that particular offense in the case at bar.

Indiana's habitual offender statutory scheme has historically provided for greater punishment than would ordinarily be imposed upon the last conviction. The individual is subjected to the greater sentence neither for the prior crimes nor for the status of habitual offender, but rather the enhanced sentence is imposed for the last crime committed. *United States ex rel. Smith v. Dowd*, (7th Cir. 1959) 271 F.2d 292.

The current habitual offender statute provides that the thirty-year sentence shall be imposed in addition to the sentence ordinarily imposed for the instant crime in contrast to the alternative sentencing under prior law. (See *Swinehart v. State*, (1978) Ind., 376 N.E.2d 486; *Eldridge v. State*, (1977) 266 Ind. 134, 361 N.E.2d 155). Nevertheless, we maintain the interpretation of the habitual offender sentencing scheme that the enhanced sentencing is imposed upon and for the last crime committed. Therefore, defendant's statute of limitations argument is inapplicable to the case at bar.

## III.

Defendant argues that to allow sentencing upon proof of prior convictions is a prosecution based on the "same facts" as those convictions and constitutes a violation of double jeopardy provisions in Indiana law. Ind.Code § 35–41–4–3 (Burns 1979 Repl.); Ind.Const. Art. 1 § 14. However, the instant sentencing is based upon the fact of those convictions and is not based on the same facts which established those prior crimes. As stated above, the sentence was imposed for the most recent crime of theft of which defendant was found guilty. The habitual offender sentencing was neither a separate criminal charge nor an additional penalty for the earlier crimes. Defendant has not been placed in double jeopardy. *Smith v. State*, (1949) 227 Ind. 672, 87 N.E.2d 881; *Hanks v. State*, (1948) 225 Ind. 593, 76 N.E.2d 702.

## IV.

Defendant next contends that his thirty-year sentence under the habitual offender statute constitutes vindictive justice and cruel and unusual punishment in violation of Ind.Const. Art. 1 § 18, Ind.Const. Art. 1 § 16 and U.S.Const. amd. VIII.

"Generally, the constitutional prohibitions against cruel and unusual punishments, however, are proscriptive of atrocious or obsolete punishments and are aimed at the kind and form of the punishment, rather than the duration and amount.

*Hobbs v. State* (1892), 133 Ind. 404, 32 N.E. 1019; 18 L.R.A. 774; *Kistler v. State* (1920), 190 Ind. 149, 129 N.E. 625; *Badders v. United States* (1916), 240 U.S. 391, 36 S.Ct. 367, 60 L.Ed. 706. These are primarily legislative considerations, and we are not at liberty to set aside a conviction and sentence because, on the record, they seem severe. *Blue v. State* (1946), 224 Ind. 394, 67 N.E.2d 377; *Mellot v. State* (1942), 219 Ind. 646, 40 N.E.2d 655. It is only when a criminal penalty is not graduated and proportioned to the nature of an offense, or where it is grossly and unquestionably excessive that this provision of the Constitution is intended to apply. *Weems v. United States*, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793." *Hollars v. State*, (1972) 259 Ind. 229, 236, 286 N.E.2d 166, 170.

■ The habitual offender statute has been recently amended to provide for the thirty-year additional sentence as opposed to the alternative life sentence under prior law, Ind.Code § 35-8-8-1 (Burns 1975). The life sentence was found to be constitutional in *Parks v. State*, (1979) Ind., 389 N.E.2d 286. We do not find the thirty-year sentence to be grossly or unquestionably excessive or vindictive. The sentence takes into account defendant's prior criminal activity and the effect of prior convictions and punishment. Defendant's sentence is not unconstitutional.

## V.

Ind.Code § 35-50-2-8(a) (Burns 1979 Repl.) provides in part:

"The state may seek to have a person sentenced as an habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two [2] prior unrelated felony convictions."

Ind.Code § 35-50-2-1 (Burns 1979 Repl.) defines "felony conviction" as:

"a conviction, in any jurisdiction at any time, with respect to which the convicted person might have been imprisoned for more than one [1] year; but it does not include . . . a conviction of a class A misdemeanor . . . ."

■ In 1976, defendant was convicted of theft. Upon conviction, he was fined one thousand dollars but was given no jail term. Defendant claims that this crime is not a felony under current law because of the sentence imposed. Ind.Code § 35-50-2-7(b) (Burns 1979 Repl.) provides in part:

"if a person has committed a class D felony, the court may enter judgment of conviction of a class A misdemeanor and sentence accordingly."

Defendant asserts that a fine with no jail term would be a misdemeanor sentence. Under Ind.Code § 35-17-5-12 (Burns Supp. 1976) defendant "might have been" sentenced from one to ten years' imprisonment or fined up to $5,000. But defendant claims that the sentence imposed made the offense a class A misdemeanor under current law.

We do not agree with defendant's argument. The court presiding at defendant's trial did not and could not "enter judgment of a class A misdemeanor and sentence accordingly." Ind.Code § 35-50-2-7(b) (Burns 1979 Repl.). There was no such designated crime as a class A misdemeanor in 1976. We find that defendant's prior theft conviction was a "felony conviction" as defined in Ind.Code § 35-50-2-1 (Burns 1979 Repl.).

## VI.

■ Finally, defendant alleges that the procedure under the habitual offender statute denied him his constitutional right to trial by an impartial jury. Again we note that in a bifurcated trial under the statute, the jury is not asked to find defendant guilty of another charge, but merely to find facts which would enhance defendant's sentence.

We have recently held that a defendant's right to an impartial jury is violated in a case where, in order to impose a death sentence, the jury must find beyond a reasonable doubt that the defendant committed another unrelated murder which has not been reduced to a conviction. *State v. McCormick*, (1979) Ind., 397 N.E.2d 276.

However, a statutory scheme which calls for the death penalty when the same jury finds that a defendant has "a prior record of conviction for a capital felony . . .," Georgia Code Ann. § 27–2534.1(b) (Supp. 1975), is not unconstitutional. *Gregg v. Georgia,* (1976) 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859. The United States Supreme Court has found that admission of evidence of prior crimes in a one-stage recidivist trial does not unnecessarily prejudice a jury. *Spencer v. Texas,* (1967) 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606. Defendant has not been denied his right to trial by an impartial jury in the case at bar.

For the foregoing reasons, the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.