STATE of Indiana, Appellant,

v.

James Junior WILLIAMS, Appellee.

No. 880S345.

Supreme Court of Indiana.

Jan. 18, 1982.

Linley E. Pearson, Atty. Gen., Frank A. Baldwin, Michael Gene Worden, Deputy Attys. Gen., Indianapolis, for appellant.

Harriette Bailey Conn, Public Defender, Kurt A. Young, Deputy Public Defender, Indianapolis, for appellee.

GIVAN, Chief Justice.

On February 7, 1980, appellee was tried on a two-count indictment. Count One was for Forgery and Count Two was a charge of habitual offender. Appellee was found guilty on both counts.

On March 3, the trial court sentenced appellee to eight (8) years' imprisonment on the forgery charge and suspended the thirty (30) year sentence called for under the habitual offender statute. In so doing, the trial judge stated that in his opinion the term of thirty (30) years' imprisonment was an unconstitutional cruel and unusual punishment. The trial judge also stated he did not see the offense of habitual offender listed in I.C. 35–50–2–2 [Burns' 1979] as one of those offenses for which the sentence could not be suspended, so he believed the penalty was suspendible. The trial court erred in both respects. In this opinion we hold the habitual offender statute is not unconstitutional nor is the enhanced penalty provided in that statute suspendible.

Following Motions to Correct Error, both by the State and the appellee, the court on May 22 entered a written opinion relative to its rulings on the parties' motions. At that time the court stated that it erred by not instructing the jury as requested by both defendant and the jury itself in regard to the penalty assessed following an habitual offender conviction. Such error, the court said, necessitated the habitual offender conviction be set aside. Shortly thereafter, the court set a new trial date of August 27, 1980, for defendant to be retried on the habitual offender charge. That case was continued by the trial court while the defendant perfected his appeal to the Court of Appeals on the forgery conviction. The Court of Appeals affirmed the forgery conviction in an unpublished memorandum decision handed down on March 24, 1981.

█ The first issue presented is whether this Court may assume jurisdiction in this case. We hold this Court does have jurisdiction under Appellate Rule 4(A)(8), which gives the Supreme Court exclusive jurisdiction of all cases in which a lower court has declared a statute unconstitutional, although in the usual instance the State may appeal upon a reserved question only where a defendant has been acquitted of a crime charged. We held in *State v. Palmer*, (1979) Ind., 386 N.E.2d 946, that this Court would entertain an appeal by the State in a criminal case in which the trial court had declared a sentencing statute unconstitutional, and refused to follow it after the jury had returned a guilty verdict on the charge. In considering whether or not we would assume jurisdiction, Justice Pivarnik stated:

"To hold that this Court has no jurisdiction to act under these circumstances would appear to give meaning to the law, and to our pronouncements, that were never meant to be and that would tend to elevate form over substance in interpreting our law. It is the duty and jurisdiction of this Court to determine the constitutionality of the laws of this State. For the law to be universally administered, it is necessary for this authority to rest in but one place. This is the purpose, of course, of Appellate Rule 4(A)(8)." *Id.,* 386 N.E.2d 949.

In the case at bar, we assume jurisdiction under Appellate Rule 4(A)(8), as this is a case in which a lower court has declared a statute unconstitutional. On this authority alone we thus assume jurisdiction to decide all the issues raised by this appeal, not just the constitutionality issue.

█ Appellee contends that (1) we should not hear this appeal because the question is moot, and (2) we are engaging in speculation to issue an advisory opinion. The issue certainly is not moot. The appellee has had his conviction on the forgery count affirmed. The appellee now stands convicted of forgery and has been found to be an habitual offender. Thus, it follows that our opinion in the case is more than advisory. There is an actual controversy here regarding the rights of a trial court to suspend an habitual offender enhanced sentence and to vacate an habitual offender conviction for the reason stated by the trial court. We view a decision on these other issues raised

in this appeal as necessary to render a complete and final disposition of this cause.

■ We next consider the issue of whether the trial court had the authority to suspend appellee's sentence on the habitual offender charge. In *Wise v. State*, (1980) Ind., 400 N.E.2d 114, 117, this Court stated: "[W]e maintain the interpretation of the habitual offender sentencing scheme that *the enhanced sentencing is imposed . . . for the last crime committed . . . . The habitual offender sentencing was neither a separate criminal charge nor an additional penalty for earlier crimes.*" (Emphasis added.) A sentence enhanced under I.C. 35–50–2–8 is not for a conviction for an independent felony. The status of habitual offender is not a felony in itself. The statute provides an additional penalty for the last felony committed and is an enhanced sentence for that felony and no other.

I.C. 35–50–2–2 [Burns' 1979] reads in part as follows:

"Suspension—Probation.—(a) The court may suspend any part of a sentence for a felony unless:

(1) The person has a prior unrelated felony conviction . . . ."

The thirty (30) year enhancement brought about by the habitual offender statute cannot be invoked unless there is, in fact, a prior unrelated felony conviction. The trial court apparently erred in its belief that the finding that appellee was an habitual offender was a finding of a separate felony. This is not the case. The appellee was convicted of a felony and was a person with a prior unrelated felony conviction. Under the statute above quoted, the trial court had no authority to suspend the sentence. We hold when a criminal defendant receives an enhanced sentence under the habitual offender statute, such sentence may not be suspended.

The State claims the trial court erred in granting appellee's Motion to Correct Errors and setting aside the judgment against him in the habitual offender count. The trial court stated his reason for doing so was that it erred in not instructing the jury as to the enhanced penalty assessed against a defendant convicted under the habitual offender statute.

■ It is appellee's contention that this Court is precluded from assuming jurisdiction to decide this issue by I.C. 35–1–47–2 and *State v. Sierp*, (1973) 260 Ind. 57, 292 N.E.2d 245. He also contends neither Appellate Rule 4(A)(8) nor the exception developed in *State v. Palmer*, (1979) Ind., 386 N.E.2d 946, can be applied to bring this issue before this Court at this time. The *Palmer* exception is stated in this language: "We have the same jurisdiction to do, in the case of an appeal, that which we may do in a case raised by an original action." *Id.*, 386 N.E.2d at 949.

We hold that to decline to give guidance to the trial court on this issue would be in contravention of the principles of judicial economy and common sense. It appears logical to us, having the parties' arguments squarely before us, to give guidance to the trial court on the law on this matter in this opinion. We are not holding the State may always directly appeal allegedly erroneous rulings of law to this Court. When questions as to the constitutionality of a statute or appeals regarding questions we might hear in an original action have brought a case within our purview, and we have before us the parties' arguments on other issues, we will decide those questions as well. To do otherwise, invites an unnecessary expenditure of judicial time and energy at a future date. We can prevent this by resolving this question at this time.

■ We reaffirm our recent holdings that it is error to give the jury instructions on the penalty resulting from conviction on a criminal charge. I.C. 35–50–1–1 [Burns' 1979] provides: "The court shall fix the penalty and sentence a person convicted of an offense." In *Garcia v. State*, (1979) Ind., 394 N.E.2d 106, this Court held the jury should be given no advice as to the penalty involved for the crime charged. To do so "can only invite the jurors to be influenced by their independent judgment of the fairness of the statute—a matter *dehors* their task—in making their determination." *Id.*

394 N.E.2d at 111. In *Drake v. State*, (1979) Ind., 397 N.E.2d 600, we rejected an argument that the Indiana Constitution, Article I, § 9, makes the jurors the judges of the law and the facts, and is therefore violated when the jury is not instructed as to the penalty for the particular offense. *See also, Craig v. State*, (1979) Ind., 398 N.E.2d 658; *DeBose v. State*, (1979) Ind., 389 N.E.2d 272.

Appellee claims an exception to the above rule developed in *Dipert v. State*, (1972) 259 Ind. 260, 286 N.E.2d 405, applies here. In the *Dipert* case, the prosecutor on the *voir dire* examination of the jury was asked by a prospective juror what would happen if the defendant was found not guilty by reason of insanity, to which the prosecutor answered, he would go "scot free", to which the defense attorney immediately objected and asked that the jury be instructed concerning the statute which requires a hearing to be held following a trial with respect to defendant's mental condition. The trial court refused such instruction. This Court held to fail to give such instruction was reversible error. In so doing, this Court stated that normally a defendant interposing a defense of not guilty by reason of insanity is not entitled to an instruction as to what post-trial procedures are available. The Court held that under the circumstances of the obvious misunderstanding implanted in the mind of the juror, the defendant was entitled to have the jury informed as to the procedures which would be followed. We find no parallel between the *Dipert* case and the case at bar. To unduly extend *Dipert* as advocated by appellee in this case, would be to render *Drake* and *Garcia, supra*, meaningless. Those cases reflect the intent of the legislature as indicated by the enactment of I.C. 35-50-1-1. We will not extend the reasoning of *Dipert* beyond its present scope.

■ With respect to the trial judge's declaration of the habitual offender statute as imposing cruel and unusual punishment, we refer to our earlier decision in *Wise, supra*. In that case we stated our reasons for holding the statute did not impose a cruel and unusual or vindictive punishment, and we decline to reconsider our holding in that case, as urged upon us by appellee.

This case is remanded to the trial court for proceedings not inconsistent with this opinion. The suspension of appellee's sentence on the habitual offender count is ordered vacated. The judgment set aside by the trial court is ordered reinstated. Given the affirmance of appellee's conviction on the forgery count, the court is ordered to sentence appellee in accordance with I.C. 35-50-2-8, as a valid conviction on the habitual offender count has been obtained and should not be set aside. The retrial of appellee on the habitual offender charge has been rendered unnecessary by this opinion, and the trial court order for a new trial is ordered vacated.

DeBRULER, PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., concurs in result.