**Eddie LEWIS, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 45S00–8603–CR–248.

Supreme Court of Indiana.

Sept. 15, 1987.

William Davis, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

■ A jury trial resulted in the conviction of appellant of Kidnapping, a Class A felony, for which he received forty (40) years, and Robbery, a Class A felony, for which he received forty (40) years. He also was found to be an habitual offender and received "an enhanced term of thirty (30) years." This sentence is technically in error, in that a person found to be an habitual offender does not receive a separate sentence for that status. The proper procedure is to enhance one of the instant felonies by an extra thirty (30) years because of the status of habitual offender. This cause will therefore be remanded to the trial court for correction of the sentence. In all other things the trial court is affirmed.

The facts are: At approximately 12:30 a.m., on February 20, 1985, appellant was in Mehilo's Pub in East Chicago, Indiana, when he pulled out a gun, held it to the head of one of the customers and announced a holdup. Appellant took money from the cash register and from behind the bar. He also took money, jewelry and other items from the customers. During the robbery, he shot one of the customers in the buttocks.

While the robbery was in progress, East Chicago Police arrived and secured the area. Appellant attempted to escape by taking the bartender, Priscilla Roberson, as a hostage. Through negotiations with the police, appellant agreed to trade his hostage for Sargeant Diaz of the East Chicago Police Department. Appellant and Sargeant Diaz left the scene in a police squad car. A short time later appellant abandoned the squad car in Gary and was immediately arrested by Officer Diaz, who used a gun hidden in the waistband of his pants to effect the arrest.

Appellant claims the trial court erred in denying his motion to suppress statements made at the East Chicago Police Station and at his initial hearing. At the police station, appellant was asked if he wanted to give a written statement. He said "no" and requested an attorney. He was immediately placed in his cell.

Approximately an hour later, appellant told the detention officer that he wanted to talk with the detectives. The detectives were notified and appellant was taken to the detective bureau. Detective Martinez testified that they did not send for appellant and it was his decision to talk with them. At that time he was again advised of his *Miranda* rights, following which he freely gave a statement confessing to the robbery. Under the circumstances, the trial judge did not err in refusing to suppress the statement. *Phillips v. State* (1986), Ind., 492 N.E.2d 10.

At the initial hearing, appellant was brought before the criminal court commissioner with only the deputy prosecuting attorney and the court reporter present. Appellant was not represented by counsel. Appellant claims he was questioned concerning the charged crimes. However, the record in this case indicates the commissioner merely read the charges to appellant. The only question he was asked was whether he understood the charges against him. Appellant responded, "Yes, I do, but he told me to remove him and replace the lady." This latter sentence referred to the replacement of the first hostage with Officer Diaz.

■ The commissioner immediately admonished appellant to say nothing further about the crime and admonished appellant that anything he would say could be used as evidence against him. Appellant responded that he understood. It is apparent that appellant's voluntary statement was not in response to any questioning by the commissioner and that it was entirely voluntary. The trial court therefore did not err in refusing to suppress it. *State v. McClain* (1982), Ind.App., 442 N.E.2d 1131.

Appellant claims the trial court erred in denying his motion for continuance so that he could be reexamined as to his competency to stand trial. Prior to trial, appellant was examined by two doctors who found that he was competent to stand trial and participate in his defense. On the morning of the trial, appellant's counsel again raised the issue of competency, stating to the trial court that he believed appellant's conduct

was irrational and that he was suffering hallucinations. However, the trial court refused a continuance and ordered that the trial proceed. Such a decision by the trial court will be reversed only for an abuse of discretion. *Martin v. State* (1983), Ind., 453 N.E.2d 1001.

██ A continuance requested for the first time on the morning of trial is not favored. *Bedgood v. State* (1985), Ind., 477 N.E.2d 869. In the case at bar, the trial court had appointed two doctors to examine appellant less than a month prior to trial. Under the circumstances, we will not substitute our judgment for the judgment of the trial court. We see no reversible error.

Appellant claims the trial court erred in admitting into evidence photographs of items taken from the patrons at the bar during the robbery. After appellant's arrest and the recovery of the items taken in the robbery, the items were taken to the East Chicago Police Station where they were displayed and photographed. Appellant's objection is based upon his contention that the chain of custody of the items in the photograph had not been maintained. Several witnesses testified that appellant took cash, jewelry and other items from them during the robbery.

██ Immediately after his arrest, the items recovered from appellant were placed in an evidence bag and put into an evidence locker. This occurred between 4:00 to 4:30 a.m. At 8:30 a.m., the items were removed from the locker by Detective Martinez. They were inventoried and the questioned photograph was taken under the supervision of Detective Martinez. There is nothing in this record to suggest that the chain of custody was interrupted in any way. The trial court did not err in admitting the photograph into evidence. *Russell v. State* (1986), Ind., 489 N.E.2d 955.

This cause is remanded to the trial court for correction of the sentence. In all other things the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.