Charles DEVANEY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff,

No. 79A02–9012–CR–709.[1]

Court of Appeals of Indiana, First District.

Sept. 26, 1991.

Eric H. Burns, Hanna, Gerde & Burns, Lafayette, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Deana M. McIntire, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

BAKER, Judge.

Defendant-appellant Charles Devaney appeals a sentence imposed by Special Judge Steven Knecht pursuant to Devaney's convictions of operating a vehicle while intoxicated with a prior conviction,[2] operating while an habitual traffic violator,[3] and being an habitual substance offender.[4]

The sole issue presented for our review is whether an enhanced sentence imposed under I.C. 35–50–2–10, the habitual substance offender statute, may be suspended. We rule that it may not. As we have discovered a sentencing error not raised by either party, we sua sponte remand this case to the trial court for resentencing in accordance with the instructions given below.

## FACTS

On July 5, 1990, Devaney was tried and convicted of operating while intoxicated with a prior conviction ("Count III"), operating while being an habitual traffic violator ("Count IV"), and being an habitual substance offender ("Count V"). At his original sentencing hearing, Devaney received 1½ years imprisonment each for Counts III and IV, to be served concurrently. Count III was enhanced by 5 years due to his conviction of being an habitual substance offender. The trial court then suspended 5½ years of Devaney's 6½ year sentence of imprisonment and ordered him to spend 6 months in jail, 6 months in work release, and 2 years in house arrest. The court did not specify which sentencing components were to satisfy which counts.

The State argued the habitual substance offender statute did not allow for any kind of suspended penalty, then sought and received from the Indiana Supreme Court on September 24, 1990, an Alternative Writ of Mandamus ordering the trial court to resentence Devaney "without suspending any portion of the habitual substance offender sentence enhancement." *Record* at 106.[5]

On October 9, 1990, at Devaney's resentencing, the trial court again sentenced Devaney to 1½ years imprisonment on Counts III and IV, to be served concurrently. Count III was enhanced by 3 years due to Devaney's habitual substance offender conviction. The trial court then suspended 1½ years of Devaney's 4½ year sentence, requiring Devaney to serve 3 years, and imposed 1 year of house arrest as a condition of probation. It is this new sentence which Devaney protests.

## DISCUSSION AND DECISION

Devaney invites us to rule that a sentence enhanced under the habitual substance offender statute may be suspended when home detention is made part of the

2. IND.CODE 9–11–2–3.

3. IND.CODE 9–12–3–1.

4. IND.CODE 35–50–2–10.

5. The Alternative Writ of Mandamus reads in pertinent part:

IT IS THEREFORE ORDERED that Respondents, the Tippecanoe County Court I and the Honorable Steven Knecht, as Special Judge thereof, be, and they are both hereby commanded to resentence the defendant in the underlying cause, Charles D. Devaney, in cause number 79E01–8907–CF–353, without suspending any portion of the habitual substance offender sentence enhancement, or in the alternative that Respondents file and serve their return, affirmed or verified, on or before the 10th day of October, 1990, showing cause why this Writ of Mandamus should not be made permanent.

sentence. He claims first the statute is ambiguous in that it is silent on the issue of suspension and it should, therefore, be strictly construed against the State. He argues further that analogy to the Indiana habitual offender statute,[6] under which a sentence may not be suspended, *State v. Williams* (1982), Ind., 430 N.E.2d 756, is inappropriate, and that instead the issue should be resolved by reference to the underlying felony statute. He relies, too, on IND.CODE 35–50–2–2(b)(3) for the proposition that in some instances a portion of a Class D felony sentence may be suspended if the court instead orders home detention.[7]

For its part, the State urges us to rule that a sentence imposed under the habitual substance offender statute may not be suspended. The State agrees with Devaney that the statute is silent on the issue of suspension, but invokes the statutory construction maxim *expressio unius est exclusio alterius* to conclude that if the legislature meant to make the enhancement suspendible it would have done so explicitly. The State further claims analogy to the habitual offender statute is appropriate and that this resolves the issue in its favor.

It is unnecessary to adopt either argument, for it is clear to us the plain language and purpose of the statute precludes suspension. Given our supreme court's Alternative Writ of Mandamus, it is even clearer that suspension is prohibited in this case.

The trial court was prohibited from suspending any part of Devaney's 4½ year sentence for his conviction of operating a vehicle while intoxicated with a prior conviction (Count III). This determination is required by the supreme court's judgment in the mandamus proceeding that Devaney be resentenced in this cause "without suspending any portion of the habitual substance offender sentence enhancement,"[8] *Record* at 106, and by "law of the case" doctrine. That doctrine holds that "if the cause is submitted for a retrial upon the same facts which the decision was originally rendered, such decisions (sic) remains the law of the case and the trial court is bound thereby, as well as an appellate court on subsequent appeal." *Fair Share Organization v. Mitnick* (1964), 245 Ind. 324, 327, 198 N.E.2d 765, 766. Further, the doctrine is applicable whether the decision in the earlier appeal is right or wrong. *Borgman v. Borgman* (1981), Ind.App., 420 N.E.2d 1261, 1265. Here, the facts at the later sentencing hearing were identical to those existing at the time of the first sentencing hearing.

Moreover, the habitual substance offender statute requires that the court "shall" sentence the defendant to "an additional fixed term" of between three and eight years.[9] The court may only reduce this

6. IND.CODE 35–50–2–8.

7. IND.CODE 35–50–2–2 reads, in relevant part, as follows:

Sec. 2. (a) The court may suspend any part of a sentence for a felony, except as provided in this section or in section 2.1 of this chapter.
(b) With respect to crimes listed in this subsection, the court may suspend only that part of a sentence that is in excess of the minimum sentence:

\* \* \* \* \* \*

(3) The crime committed was a Class D felony and less than three (3) years have elapsed between the date the person was discharged from probation, imprisonment, or parole (whichever is later) for a prior unrelated felony conviction and the date the person committed the Class D felony for which the person is being sentenced. However, the court may suspend the minimum sentence for the crime only if the court orders home detention under IC 35–38–1–

21 instead of the minimum sentence specified for the crime under this chapter.

8. Because a habitual substance offender enhancement is not a separate sentence, *Lewis v. State* (1987), Ind., 512 N.E.2d 1092, 1093, *State v. Williams* (1982), Ind., 430 N.E.2d 756, 758, by referring to the "habitual substance offender sentence enhancement," the supreme court necessarily was describing the 4½ year sentence in question.

9. IND.CODE 35–50–2–10(f) reads as follows:

(f) The court shall sentence a person found to be an habitual substance offender to an additional fixed term of at least three (3) years but not more than eight (8) years imprisonment, to be added to the term of imprisonment imposed under IC 35–50–2 or IC 35–50–3. If the court finds that three (3) years or more have elapsed since the date the person was discharged from probation, imprisonment, or parole (whichever is later) for the last prior unrelated substance

additional fixed term under circumstances which have no application in this case,[10] and in no event may an enhancement of less than one year be imposed. We need scarcely mention that permitting the suspension of an enhanced sentence imposed under this statute would defeat the clear intent of the legislature to punish and deter recidivistic conduct. Neither do we wish to overturn the clear mandate of the Indiana Supreme Court's Alternative Writ that an enhanced sentence under the habitual substance offender statute not be suspended.

Finally, we note that IND.CODE 35–50–2–2, the Indiana statute regulating the suspension of felony sentences, specifically disallows suspension of felony convictions in the circumstances of this case. Excluding his present conviction (on July 5, 1990), Delaney has twice been convicted of feloniously operating while intoxicated since 1986, on March 3, 1986 and on October 18, 1988. *Record* at 339–348. Delaney's 1988 sentence was suspended, and he was placed on two years' probation. *Record* at 341–343 (State's Exhibit 3, "Receipt of Notification Letters"). It is obvious the trial court court could not have found "that three (3) years or more have elapsed since the person was discharged from probation, imprisonment, or parole (whichever is later) for the last prior unrelated substance offense conviction," IND.CODE 35–50–2–2(b)(3), because Delaney was just convicted again only 21 months after his last felony conviction.

"Although vested with broad discretion in sentencing, a trial judge is required to act within statutorily prescribed limits." *Niece v. State* (1983), Ind.App., 456 N.E.2d 1081, 1084, citing *Rife v. State* (1981), Ind. App., 424 N.E.2d 188 and *Barnett v. State* (1981), Ind.App., 414 N.E.2d 965. Here, the trial court suspended 1½ years of Devaney's 4½ year sentence. We have already held the 3 year enhancement the trial court issued under the habitual substance

offender statute may not be suspended; we now hold, in accordance with IND.CODE 35–50–2–2(b)(3), that the trial court erred in suspending Delaney's 1½ year sentence given for his Class D felony convictions of operating while intoxicated with a prior conviction and being an habitual traffic violator. "It is the duty of appellate courts to bring illegal sentences into compliance ... even if such correction increases the punishment." *Golden v. State* (1990), Ind. App., 553 N.E.2d 1219, 1223–24, *trans. denied,* (citation omitted). Here, the trial court was prohibited by IND.CODE. 35–50–2–2(b)(3) from suspending any part of the concurrent 1½ years of imprisonment resulting from Devaney's Class D felony convictions of operating while intoxicated and habitual traffic offender.

Accordingly, we remand this case with instructions to the trial court to impose a sentence of 4½ years' imprisonment upon Devaney. Because no portion of the sentence in this case is suspendible, Devaney, of course, is not eligible for probation.

Remanded for resentencing with instructions.

ROBERTSON, J., concurs.

SHIELDS, J., concurs with separate opinion.

SHIELDS, Judge, concurring.

I agree with the majority's determination that the trial court was prohibited from suspending any part of Devaney's sentence of four and one-half years for his conviction of operating a vehicle while intoxicated with a prior conviction (Count III). This determination is required by the doctrine of "law of the case" and by the supreme court's judgment in the mandamus proceeding that Charles D. Devaney be resentenced in this cause "without suspending any portion of the habitual substance offender sentence enhancement."[1] Record at 106. However, without that determina-

---

offense conviction and the date the person committed the substance offense for which the person is being sentenced as an habitual substance offender, then the court may reduce the additional fixed term. However, the court may not reduce the additional fixed term to less than one (1) year.

**10.** IND.CODE 35–50–2–10(f).

**1.** In referring to the "habitual substance offender sentence enhancement," the supreme court

tion, there is no statutory impediment to the trial court's action.

The State's reliance on the statutory construction maxim *expressio unius est exclusio alterius* is unavailing. The rejoinder to the State's argument that if the legislature had meant to make the enhancement suspendible it would have done so explicitly is that if the legislature had meant to make the enhancement nonsuspendible it would have done so explicitly as it has in IC 35–50–2–2 (1991 Supp.). The State's analogy to the habitual offender statute is similarly inappropriate. As the supreme court acknowledged in *State v. Williams* (1982), Ind., 430 N.E.2d 756, 758, there is a statutory prohibition against suspending a sentence enhanced because of a habitual offender determination. A habitual offender enhancement requires a prior unrelated felony conviction and under the provisions of IC 35–50–2–2 as it existed at the time of the decision in *State v. Williams*, "[t]he court may suspend any part of a sentence for a felony unless: (1) The person has a prior unrelated felony conviction." IC 35–50–2–2 (Burns' 1979).

Finally, I disagree with the majority's conclusion that the "plain language and purpose of the statute precludes suspension," *supra*, based upon the statutory mandate that the court "shall" sentence the defendant to an additional term. The statutes setting forth the sentences for all felonies and misdemeanors provide for a "shall" term of imprisonment. Nevertheless, unless there is a specific statutory provision to the contrary, these "shall" terms of imprisonment may be suspended. IC 35–50–2–2(a) (1991 Supp.) ("The court may suspend any part of a sentence for a felony, except as provided in this section or in section 2.1 of this chapter."); IC 35–50–3–1(a) (1988) ("The court may suspend any part of a sentence for a misdemeanor.").

necessarily was describing the four and one-half year sentence because a habitual substance offender enhancement is not a separate sentence. *Lewis v. State* (1987), Ind., 512 N.E.2d 1092,