Marvin REFFETT, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 39A01–0506–CR–245.

Court of Appeals of Indiana.

April 7, 2006.

Alison T. Frazier, Alcorn Goering & Sage, LLP, Madison, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Scott L. Barnhart, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

Marvin Reffett pled guilty to operating a vehicle after a lifetime suspension as a Class C felony, operating while intoxicated ("OWI") as a Class D felony, and to being an habitual substance offender. The trial court sentenced Reffett to an enhanced sentence of three years for his OWI conviction and an enhanced sentence of eight years for his operating a vehicle after a lifetime suspension conviction. These sentences were to be served concurrently. The trial court sentenced Reffett to five years with two years suspended to probation for being an habitual substance offender. This sentence was to be served

consecutively with his other sentences for an aggregate executed sentence of eleven years. Reffett now appeals his sentence. We reverse and remand.

### Issue

Reffett argues that his sentence is inappropriate. However, we find the following issue, which we raise *sua sponte,* to be dispositive: whether the sentence imposed by the trial court is authorized by statute.

### Facts and Procedural History

On March 30, 2005, Reffett pled guilty to OWI, a Class D felony, operating a vehicle after a lifetime license suspension, a Class C felony, and to being an habitual substance offender. Sentencing was left open to the trial court's discretion.

The trial court issued the following sentencing order:

The Court, having reviewed the presentence investigation report, defendant's letter to the Court, and having heard defendant's testimony and recommendations of defendant's counsel and the State of Indiana in the matter of sentencing, the Court now finds aggravating factors to be considered in the Court's sentence of defendant's lengthy history of criminal activity, the defendant was on probation at the time these offenses were committed, and defendant's subsequent criminal activity.

The Court now orders the defendant to serve three (3) years at the Indiana Department of Corrections [sic] on Count # I [OWI], none of said sentence to be suspended. The Court now sentences the defendant to serve eight (8) years at the Indiana Department of Corrections [sic] on Count # II [operating a vehicle after a lifetime suspension], none of said sentence to be suspended. The Court orders that the sentence on Count # II shall run concurrent to the sentence on Count # I. The Court now sentences the defendant to serve five (5) years at the Indiana Department of Corrections [sic] on Count # III [habitual substance offender], and orders two (2) years suspended; said sentence shall run consecutive to the sentences for Counts # I and # II. The defendant's sentence is a total of thirteen (13) years, two (2) years suspended, for a total sentence to be served of eleven (11) years at the Indiana Department of Corrections [sic].

Appellant's Appendix at 100. Reffett appeals his sentence.

### Discussion and Decision

■ The issue Reffett raises on appeal is whether his sentence is inappropriate. However, before we may consider the appropriateness of his sentence, we must first consider the legality of his sentence. " 'A sentence that is contrary to or violative of a penalty mandated by statute is illegal in the sense that it is without statutory authorization.' " *Murray v. State,* 798 N.E.2d 895, 903 (Ind.Ct.App.2003) (quoting *Rhodes v. State,* 698 N.E.2d 304, 307 (Ind. 1998)). A sentence that exceeds statutory authority constitutes fundamental error. *Id.*

Reffett pled guilty to being an habitual substance offender. Pursuant to statute, "[t]he state may seek to have a person sentenced as a habitual substance offender for any substance offense by alleging ... that the person has accumulated two (2) prior unrelated substance offense convictions." Ind.Code § 35–50–2–10(b). If a person is found to be an habitual substance offender, "[t]he court shall sentence [him] to an additional fixed term of at least three (3) years but not more than eight (8) years imprisonment, to be added to the term of imprisonment imposed under IC 35–50–2 or IC 35–50–3." Ind.Code § 35–50–2–10(f). Because the language of the habitual substance offender statute mirrors the language contained in the general habitual

offender statute, decisions interpreting the habitual offender statute are applicable to the issue presented here. *Roell v. State,* 655 N.E.2d 599, 601 (Ind.Ct.App.1995).

In *Greer v. State,* 680 N.E.2d 526 (Ind.1997), our supreme court stated:

> A habitual offender finding does not constitute a separate crime nor result in a separate sentence, but rather results in a sentence enhancement imposed upon the conviction of a subsequent felony. In the event of simultaneous multiple felony convictions and a finding of habitual offender status, trial courts must impose the resulting penalty enhancement upon only one of the convictions and must specify the convictions to be so enhanced.

*Id.* at 527 (citation omitted). Here, the trial court considered Reffett's habitual substance offender finding to be a separate crime and imposed a separate sentence for that finding, rather than enhancing the sentence for Reffett's substance offense conviction.[1] Pursuant to *Greer,* this was erroneous.

In addition, where a criminal defendant receives an enhanced sentence under the habitual offender statute, such sentence may not be suspended. *State v. Williams,* 430 N.E.2d 756, 758 (Ind.1982). *See also Devaney v. State,* 578 N.E.2d 386, 388–89 (Ind.Ct.App.1991) ("Moreover, the habitual substance offender statute requires that the court 'shall' sentence the defendant 'to an additional fixed term' of between three and eight years.... We need scarcely mention that permitting the suspension of an enhanced sentence imposed under this statute would defeat the clear intent of the legislature to punish and deter recidivistic conduct."). Therefore, the trial court also erred where it suspended two years of the five-year habitual substance offender enhancement it imposed.[2] Because of the errors in the trial court's sentencing of Reffett, we are compelled to reverse the sentence and remand this case for re-sentencing in accordance with this opinion.[3]

### Conclusion

The trial court improperly sentenced Reffett because it imposed a separate sentence upon the habitual substance offender finding and suspended part of the enhancement. Reffett's sentence is therefore reversed, and we remand the case to the trial court for re-sentencing in accordance with this opinion.

Reversed and remanded.

VAIDIK, J., and MATHIAS, J., concur.

1. Although Reffett was convicted of two separate offenses, the language of the statute that a person may be "sentenced as a habitual substance offender *for any substance offense,*" Ind.Code § 35–50–2–10(b), would indicate that the habitual substance offender enhancement can only be imposed upon the sentence for a substance offense, in this case, the sentence for the OWI conviction. Therein lies the biggest problem with the trial court's sentence as handed down: if the enhancement is simply made consecutive to the other sentences, rather than being attached specifically to the appropriate substance offense conviction, it is in essence being attached to the longest sentence, which in this case is the sentence for the operating a vehicle after a lifetime suspension, a non-substance offense.

2. Pursuant to the statute, the trial court clearly has the authority to enhance Reffett's sentence by only three years. However, the statute does not allow the trial court to enhance the sentence by five years and suspend two to achieve the same result.

3. Because we hold the sentence was illegal and therefore remand for re-sentencing, we need not reach the issue of whether Reffett's sentence is inappropriate.