Joseph BAUER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 92A05–0704–PC–229.

Court of Appeals of Indiana.

Nov. 5, 2007.

Joseph Bauer, Westville, IN, Appellant pro se.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Joseph Bauer, pro se, appeals the denial of his motion to correct erroneous sentence. We affirm in part, reverse in part, and remand.

### Issues

Bauer raises three issues, which we consolidate and restate as follows:

I.  Whether his claims are appropriately raised in a motion to correct erroneous sentence; and

1.  Ind.Code § 9–30–5–3(1).

2.  Ind.Code § 9–30–10–16.

3.  Ind.Code § 35–50–2–10(b).

II.  Whether the trial court dealt with his habitual substance offender enhancement improperly by treating it as a separate conviction.

We also, sua sponte, address the following issue:

III.  Whether the trial court may properly suspend any portion of the sentence enhanced by the habitual substance offender finding.

### Facts and Procedural History

On November 28, 2005, the State charged Bauer with Count I, class D felony operating a vehicle while intoxicated ("OWI"); [1] Count II, class D felony operating a vehicle with an alcohol concentration equivalent greater than or equal to .08; Count III, class D felony operating a motor vehicle after being adjudged a habitual traffic violator; [2] Count IV, class C misdemeanor failure to obey a stop sign; and Count V, class C misdemeanor speeding. On November 30, 2005, the State added the charge of Count VI, habitual substance offender. [3]

On February 13, 2006, Bauer entered a plea proposal in which he pled guilty to Counts I, III, and VI. On March 27, 2006, the trial court accepted Bauer's plea proposal and entered judgment of conviction for Counts I, III, and VI. The trial court sentenced Bauer to three years on Count I, executed; three years on Count III, executed, to be served concurrent to Count I; and three years on Count VI, one year executed and two years suspended, to be served consecutive to Counts I and III, for an aggregate sentence of six years. Appellant's App. at 51–52. [4] The trial court dismissed the remaining counts.

4.  The original sentencing order was amended solely to add jail time credit.

On January 12, 2007, Bauer filed a motion to correct erroneous sentence, which the trial court denied. Bauer appeals.

## Discussion and Decision

### I. Appropriateness of Claims

■ Bauer brought a motion to correct erroneous sentence pursuant to Indiana Code Section 35–38–1–15, which provides:

If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

■ A motion to correct erroneous sentence is appropriate only when the sentence is "erroneous on its face." *Robinson v. State*, 805 N.E.2d 783, 786 (Ind.2004).

When claims of sentencing errors require consideration of matters outside the face of the sentencing judgment, they are best addressed promptly on direct appeal and thereafter via post-conviction relief proceedings where applicable. Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the "facially erroneous" prerequisite should henceforth be strictly applied[.] We therefore hold that a motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence.

*Id.* at 787.

Here, Bauer claims that the State failed to properly document the charges against him in violation of his constitutional rights and that his counsel provided ineffective assistance. Both claims require consideration of matters in the record outside the face of the judgment. Accordingly, they are not the types of claims that are properly presented in a motion to correct erroneous sentence. We therefore affirm the denial of his motion to correct erroneous sentence as to these claims.

### II. Habitual Substance Offender Enhancement

■ The State concedes that the trial court erred in treating the habitual substance offender finding as a separate conviction.[5]

Pursuant to Indiana Code Section 35–50–2–10(b), "[t]he state may seek to have a person sentenced as a habitual substance offender for any substance offense by alleging ... that the person has accumulated two (2) prior unrelated substance offense convictions." " 'Substance offense' means a Class A misdemeanor or a felony

5. Bauer also argues that the trial court erred in ordering that his sentences for Count III, operating a motor vehicle after being adjudged a habitual traffic violator, and Count VI, habitual substance offender, be served consecutively. In support, he cites *Puckett v. State*, 843 N.E.2d 959, 964 (Ind.Ct.App.2006). However, in the paragraph he cites, the *Puckett* court was discussing the propriety of consecutive sentences for Puckett's convictions for OWI and operating a vehicle after having been adjudicated a habitual traffic violator. Thus, a sentence for a habitual substance offender finding was not in issue. We further note that although Bauer was convicted of the same crimes discussed in *Puckett*, the trial court ordered that Bauer's sentences for these two crimes be served concurrently. *Puckett* is irrelevant to Bauer's argument and is inapplicable to the facts of this case. Bauer fails to cite any other authority, and therefore his argument fails.

in which the possession, use, abuse, delivery, transportation, or manufacture of alcohol or drugs is a material element of the crime. The term includes an offense under IC 9–30–5 and an offense under IC 9–11–2 (before its repeal)." Ind.Code § 35–50–2–10(a)(2). Here, Bauer had two prior unrelated substance offense convictions: a conviction for class D felony OWI on November 19, 1995,[6] and another on November 23, 2003. Appellant's App. at 22, 27, 29.

■ Sentencing for habitual substance offenders is governed by Indiana Code Section 35–50–2–10(f), which provides that "[t]he court shall sentence a person found to be a habitual substance offender to an additional fixed term of at least three (3) years but not more than eight (8) years imprisonment, to *be added to the term of imprisonment* imposed under IC 35–50–2[7] or IC 35–50–3.[8]" (Emphasis added.)[9] In its sentencing order, the trial court treated Bauer's habitual substance offender finding as a separate conviction with a separate sentence. This was error. A habitual substance offender finding is not a separate crime but an enhancement of the sentence for the underlying crime to which it is attached. *Reffett v. State,* 844 N.E.2d 1072, 1074 (Ind.Ct.App.2006); *Collins v. State,* 583 N.E.2d 761, 765 (Ind.Ct.App. 1991). Thus, we remand with instructions to amend the sentencing order to show that Bauer's habitual offender finding is attached to an underlying conviction and to enhance the sentence for that conviction accordingly.

### III. Suspension of Habitual Offender Enhancement

■ We now, sua sponte, address the propriety of the trial court's suspension of part of Bauer's habitual substance offender enhancement. In *Reffett,* another panel of this Court held that the trial court erred in suspending two years of the five-year habitual substance offender enhancement it had imposed. 844 N.E.2d at 1074. The *Reffett* court relied on *State v. Williams,* 430 N.E.2d 756 (Ind.1982). There, Williams was convicted of class C felony forgery and found to be a habitual offender. The trial court sentenced Williams to eight years on his forgery conviction and suspended the thirty-year sentence required by the habitual offender statute.[10] Our supreme court held that the trial court did not have authority to suspend Williams's enhancement for his habitual offender finding. *Id.* at 758. The *Williams* court explained,

In *Wise v. State,* (1980) Ind., 272 Ind. 498, 400 N.E.2d 114, 117, this Court stated: "[W]e maintain the interpretation of the habitual offender sentencing scheme that *the enhanced sentencing is imposed ... for the last crime committed.... The habitual offender sentencing was neither a separate criminal charge nor an additional penalty for earlier crimes.*"[ ] A sentence enhanced under I.C. 35–50–2–8 is not for a conviction for an independent felony. The status of habitual offender is not a felony in itself. The statute provides an additional penalty for the last felony committed

---

6. The charging information stated that this OWI was committed on November 19, while the presentence investigation report indicated that it was committed on November 18.

7. Death Sentence and Sentences for Felonies and Habitual Offenders.

8. Sentences for Misdemeanors.

9. Pursuant to Indiana Code Section 35–50–2–10(f)(1) and -(2), the enhancement may be reduced to not less than one year under circumstances not present here.

10. Ind.Code § 35–50–2–8.

and is an enhanced sentence for that felony and no other.

I.C. 35–50–2–2 [Burns' 1979] reads in part as follows:

"Suspension—Probation.—(a) The court may suspend any part of a sentence for a felony unless:

(1) The person has a prior unrelated felony conviction . . . ."

The thirty (30) year enhancement brought about by the habitual offender statute cannot be invoked unless there is, in fact, a prior unrelated felony conviction. The trial court apparently erred in its belief that the finding that appellee was an habitual offender was a finding of a separate felony. This is not the case. The appellee was convicted of a felony and was a person with a prior unrelated felony conviction. *Under the statute above quoted, the trial court had no authority to suspend the sentence.* We hold when a criminal defendant receives an enhanced sentence under the habitual offender statute, such sentence may not be suspended.

*Id.* (second emphasis added).

Since *Williams* was decided, Indiana Code Section 35–50–2–2 has undergone numerous revisions and now reads quite differently. Indiana Code Section 35–50–2–2(a) currently provides that "[t]he court may suspend any part of a sentence for a felony, except as provided in this section or in section 2.1 of this chapter." [11] Subsection (b) of the statute lists the crimes for which the trial court may suspend that part of the sentence that is in excess of the minimum sentence. Thus, in contrast to the version of Indiana Code Section 35–50–

2–2 addressed in *Williams*, the current version of the statute permits a trial court, for example, to suspend that part of the sentence that is in excess of the minimum where

[t]he crime committed was a Class C felony and less than seven (7) years have elapsed between the date the person was discharged from probation, imprisonment, or parole, whichever is later, for a prior unrelated felony conviction and the date the person committed the Class C felony for which the person is being sentenced.

Ind.Code § 35–50–2–2(b)(2).[12] Therefore, we respectfully disagree with the *Reffett* court that *Williams* remains good law with respect to the suspension of habitual offender enhancements pursuant to Indiana Code Section 35–50–2–2. *See Devaney v. State,* 578 N.E.2d 386, 390 (Ind.Ct.App. 1991) (noting that when *Williams* was decided, a habitual offender enhancement required a prior unrelated felony conviction and that under Ind.Code § 35–50–2–2, the trial court was not permitted to suspend any part of a sentence where the person had a prior unrelated felony conviction) (Shields, J., concurring).

In support of its holding that a habitual substance offender enhancement may not be suspended, the *Reffett* court also cited *Devaney,* 578 N.E.2d 386. In *Devaney,* the trial court's initial sentencing order did not specify which sentencing components were to satisfy the various counts, one of which was a habitual substance offender finding. The State sought and received an alternative writ of mandamus from the

---

**11.** Section 2.1 prohibits the trial court from suspending a sentence for a felony committed by a person with a juvenile record under certain circumstances. It does not apply here.

**12.** Class A and B felonies are dealt with in subsection (b)(1), and class D felonies are dealt with in subsection (b)(3). Crimes for which no part of the sentence may be suspended are set forth in subsections (d), (f), (g), and (h).

Indiana Supreme Court, which ordered the trial court to resentence Devaney without suspending any portion of the habitual substance offender sentence enhancement. The trial court resentenced Devaney, suspending one and a half years of his four-and-a-half-year sentence. Devaney appealed. The *Devaney* court held that an enhanced sentence imposed under Indiana Code Section 35–50–2–10 may not be suspended, reversed the trial court, and remanded for the imposition of a fully executed four-and-a-half-year sentence. 578 N.E.2d at 389.

Although we agree with the outcome in *Devaney* given the facts of that case, we respectfully disagree with that panel's broad statement of its holding. The *Devaney* court based its decision, in part, on the supreme court's alternative writ of mandamus. *Id.* at 388. While the basis for the supreme court's writ is not set forth, the *Devaney* court expressly acknowledged that Indiana Code 35–50–2–2 specifically disallowed suspension of a sentence for a felony conviction under the circumstances of that case. *Id.* at 389. In any event, the *Devaney* court did not suggest that the writ justified its determination that the habitual offender statute precluded suspension. Rather, the *Devaney* court stated that the plain language and purpose of the statute required any sentence imposed by its provisions to be served, i.e., fully executed. *Id.* at 388. In particular, the Devaney court noted that "the habitual offender statute requires that the court 'shall' sentence the defendant to 'an additional fixed term' of between three and eight years." *Id.* (quoting Ind.Code § 35–50–2–10(f)).

We respectfully disagree that the plain language of Indiana Code Section 35–50–2–10(f) requires habitual offender enhancements to be fully executed. We observe

that the language of Section 35–50–2–10(f) is similar to that of the statutes governing sentences for underlying felonies. *See, e.g.,* Ind.Code § 35–50–2–6 ("A person who commits a Class C felony *shall be imprisoned for a fixed term* of between two (2) and eight (8) years[.]") (emphasis added). Yet, the language of these statutes does not prevent such sentences from being suspended. We see no reason to treat Indiana Code Section 35–50–2–10(f) differently. As Judge Shields observed in her separate opinion in *Devaney*, "The statutes setting forth the sentences for all felonies and misdemeanors provide for a 'shall' term of imprisonment. Nevertheless, unless there is a specific statutory provision to the contrary, these 'shall' terms of imprisonment may be suspended." 578 N.E.2d at 390. When the legislature does not want any part of an additional term of imprisonment suspended, it has expressly provided so. *See* Ind.Code § 35–50–2–2(f) ("An additional term of imprisonment imposed under IC 35–50–2–11 [13] may not be suspended.").

Finally, the *Devaney* court asserted that "permitting the suspension of an enhanced sentence imposed under this statute would defeat the clear intent of the legislature to punish and deter recidivistic conduct." 578 N.E.2d at 389. While we agree that Indiana Code Section 35–50–2–10 clearly reflects the legislature's intent to punish and deter recidivistic conduct, we think that Indiana Code Section 35–50–2–2 clearly establishes the legislature's intent as to when suspension is appropriate. When considering the duration of a sentence, a year is still a year, regardless of whether it is executed or suspended. *See Pagan v. State,* 809 N.E.2d 915, 926 n. 9 (Ind.Ct. App.2004) (noting that we consider suspended portions of a sentence as well as

13. Firearm used in commission of offense; separate charge; additional sentence.

executed portions when considering the appropriateness of a sentence), *trans. denied.* Consequently, while Devaney's sentence, enhanced by his habitual substance offender finding, was nonsuspendible, the decision in *Devaney* is not applicable to all sentences enhanced pursuant to the habitual substance offender statute. *See Collins,* 583 N.E.2d at 764 (noting Judge Shields's concurrence in *Devaney* and concluding that Collins's habitual substance offender sentence could be suspended because the sentence for the underlying conviction was properly suspendable under Ind.Code § 35–50–2–2).

We now address the applicability of Indiana Code Section 35–50–2–2 to the case at bar. Bauer was convicted of OWI and has two prior OWI convictions. Indiana Code Section 35–50–2–2(b) provides that the court may suspend only that part of the sentence that is in excess of the minimum sentence, where the felony committed was "an offense under IC 9–30–5[OWI] and the person who committed the offense has accumulated at least two (2) prior unrelated convictions under IC 9–30–5." Ind.Code § 35–50–2–2(b)(4)(R). Bauer's other convictions were class D felonies, and the minimum sentence for a class D felony is six months. *See* Ind. Code § 35–50–2–7 (providing a sentencing range of six months to three years). As previously noted, "The court shall sentence a person found to be a habitual substance offender to an additional fixed term of at least three (3) years but not more than eight years, to be added to the term of imprisonment imposed under IC 35–50–2 or IC 35–50–3." Ind.Code § 35–50–2–10(f). In the instant case, where a class D felony serves as the underlying offense for the habitual substance offender finding, the sentencing range for that felony is enhanced such that the new sentencing range is three and a half years to eleven years.[14] *See Williams,* 430 N.E.2d at 758 ("The statute provides an additional penalty for the last felony committed and is an enhanced sentence for that felony and no other."). The minimum sentence that Bauer could have potentially received for a class D felony conviction and a habitual substance offender finding is three and a half years. The trial court imposed a six-year sentence, and, pursuant to the terms of Indiana Code Section 35–50–2–2, could have suspended any part of the sentence in excess of three and a half years.[15] *See Collins,* 583 N.E.2d at 765 (concluding that a sentence enhanced pursuant to the habitual offender statute is to be treated as one sentence and the suspendability of that sentence depends on the application of Ind.Code § 35–50–2–2 to the underlying conviction). Consequently, once the trial court amends the sentencing order to attach the habitual substance offender finding to an underlying conviction, two years of the resulting enhanced sentence may be suspended.

14. The trial court may reduce the enhancement under circumstances not present here.

15. On September 20, 2007, another panel of this court reached a slightly different conclusion. *Howard v. State,* 873 N.E.2d 685 (Ind. Ct.App.2007). The *Howard* court stated,
We have previously held that "where a criminal defendant receives an enhanced sentence under the habitual offender statute, such sentence may not be suspended." *Reffett,* 844 N.E.2d at 1074. However, that language refers to the portion of the sentence imposed pursuant to the habitual offender statute. Therefore, while the trial court was required to order the habitual offender enhancement to be fully executed, the general sentencing guidelines apply to the trial court's sentence for the underlying conviction.
*Id.* at 690–91. We respectfully disagree for the reasons given elsewhere in this opinion.

We further observe that Indiana Code Section 35–50–2–2(c) provides, "Except as provided in subsection (e), whenever the court suspends a sentence for a felony, it shall place the person on probation under IC 35–38–2 for a fixed period to end not later than the date that the maximum sentence that may be imposed for the felony will expire." Therefore, the trial court must place Bauer on probation during the time his sentence is suspended.

Based on the foregoing, we remand with instructions to amend the sentencing order to attach the habitual substance offender finding to the underlying conviction and to enhance the sentence for that conviction in a manner consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

DARDEN, J., and MAY, J., concur.