Timothy R. FARBER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

Cause No. 82S00–9801–CR–34.

Supreme Court of Indiana.

Dec. 17, 1998.

Michael C. Keating, Evansville, for Appellant.

Jeffrey A. Modisett, Attorney General, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

A jury found appellant Timothy Farber guilty of murder and robbery. The trial court sentenced him to life imprisonment without parole for the murder and thirty years for the robbery, the sentences to be served concurrently. Farber now raises two issues on direct appeal:

I. Whether Farber's confession and the evidence resulting from that confession were properly admitted, and

II. Whether the court's sentencing order properly found the aggravating circumstance necessary to impose life without parole.

### Facts

In late February 1995, Timothy Farber went to Brian Russell's home to ask for a loan. Russell refused to loan Farber money, so Farber pulled a knife on him and again demanded money. Farber began to walk away but then turned around and stabbed Russell in the neck several times. Farber took Russell's money, wallet, keys, two rings, and a towel that he used to wipe blood from his hands. He placed the wallet, keys, and towel in a coffee can and threw it into a lake along with the knife. On March 1, 1995, Russell's father found his son's body and notified the police. The cause of death was "exsanguination and cervical spinal cord transection due to multiple stab wounds to the neck, chest, and flank." (R. at 391.)

On March 28, 1995, Guy Minnis, lead investigator in the Russell homicide, received a call from Farber's wife Shannon explaining that Farber had implicated himself in the murder. At the instruction of the police, Shannon obtained an admission of murder from Farber while wearing a body microphone hooked into the police station. In a later interrogation at the police station, Farber learned that the police had overheard his conversation with Shannon and he confessed to the murder. Farber also aided police in recovering various items of evidence, like the

murder weapon and the articles he had stolen from Russell.

## I. Was Farber's Confession Admissible?

The trial court granted a motion to suppress the evidence which resulted from Farber's confession. (R. at 5–6, 59.) The State sought an interlocutory appeal, and the Court of Appeals reversed in part. It held that the audio-taped conversation between Farber and his wife as well as any private communications between them were properly suppressed under the spousal privilege. *State v. Farber*, 677 N.E.2d 1111 (Ind.Ct. App.1997), *trans. denied.* On the other hand, it held that Farber's conversation with the police and the resulting physical evidence were admissible because the conversation was legally recorded and the confession was voluntary. *Id.* at 1115.

■ Thus, the question Farber seeks to litigate has already been adjudicated. An appellate court's determination of a legal issue is binding in subsequent appeals concerning the same case and substantially similar facts. *Cass County v. Gotshall*, 681 N.E.2d 227 (Ind.Ct.App.1997). This direct appeal grows out of the same case as the earlier interlocutory appeal, and we will not relitigate it.

## II. Was the Sentencing Order Adequate?

■ In order for the State to seek a sentence of life imprisonment without parole, at least one aggravating circumstance listed in the pertinent section of the Indiana Code must be present. Ind.Code Ann. § 35–50–2–9(a) (West Supp.1998). Here, the State sought life without parole on the basis that the killing was "intentional."

■ The trial court did not find that Farber "committed the murder by intentionally killing the victim while committing or attempting to commit ... [r]obbery." Ind. Code Ann. § 35–50–2–9(b)(1) (West Supp. 1998). Instead, the trial court found that "the [defendant] did intentionally commit the offense of robbery beyond [a] reasonable doubt in the commission of [a] murder." (R.

at 2.) Thus, we remand to the trial court to determine if the defendant intentionally killed in the course of a robbery. If the trial court so finds, the sentence of life imprisonment without parole may be imposed.

■ Furthermore, Farber alleges that the trial court considered aggravators not found within the life without parole statute including: (1) that any imposition of a reduced or suspended sentence would depreciate the seriousness of the crime, and (2) that correctional treatment can best be provided by commitment to a penal facility. These factors are not aggravating circumstances enumerated in the statute governing sentences of death or life without parole and are therefore not available to support such sentences. *Bivins v. State*, 642 N.E.2d 928, 955 (Ind. 1994). Of course, these circumstances may be considered in sentencing on the robbery.

Finally, Farber urges that the trial court improperly considered as an aggravator that the offense was committed while he "had been" on probation. (Appellant's Br. at 20.) That the crime was committed while the defendant was on probation for a felony is a proper aggravator listed in Indiana Code § 35–50–2–9(b)(9)(C). However, the sentencing transcript does not clearly reveal whether the judge found that Farber was on probation at the time of the murder or whether the judge meant that Farber had previously been on probation. The timing of Farber's probation and its relationship to the sentence imposed also needs attention on remand.[1]

### Conclusion

We affirm the convictions and remand for the entry of a new sentencing order.

DICKSON, SULLIVAN, SELBY and BOEHM, JJ., concur.

1. Similarly, Farber also claims that the trial court did not adequately address its consideration of the jury's recommendation against life

without parole, citing *Peterson v. State*, 674 N.E.2d 528, 540 (Ind.1996). We expect the new sentencing order will address this issue.