Timothy R. FARBER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 82S00–9903–CR–181.

Supreme Court of Indiana.

May 26, 2000.

Michael C. Keating, Evansville, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

BOEHM, Justice.

Timothy Farber was convicted of murder and robbery. The State sought a sentence of life imprisonment without parole alleging that Farber had intentionally killed while committing a robbery. A jury recommended against life without parole but the trial court nevertheless imposed that sentence. Farber was also sentenced to thirty years for robbery. His convic-

tions were affirmed on direct appeal but the case was remanded for a new sentencing order. *See Farber v. State*, 703 N.E.2d 151, 153 (Ind.1998). The trial court again imposed life without parole. In this appeal Farber raises a single issue: Was the trial court authorized to impose a sentence of life without parole in the absence of a specific jury finding that he had intentionally killed in the course of a robbery? We affirm the trial court.[1]

The current statute governing the imposition of a sentence of death or life imprisonment without parole after conviction by a jury provides, in relevant part:

(e) Except as provided by IC 35–36–9, if the hearing is by jury, the jury shall recommend to the court whether the death penalty or life imprisonment without parole, or neither, should be imposed. The jury may recommend:

(1) the death penalty; or

(2) life imprisonment without parole;

only if it makes the findings described in subsection (k). The court shall make the final determination of the sentence, after considering the jury's recommendation, and the sentence shall be based on the same standards that the jury was required to consider. The court is not bound by the jury's recommendation.

. . . .

(k) Before a sentence may be imposed under this section, the jury, in a proceeding under subsection (e), . . . must find that:

(1) the state has proved beyond a reasonable doubt that at least one of the aggravating circumstances listed in subsection (b) exists; and

(2) any mitigating circumstances are outweighed by the aggravating circumstance or circumstances.

Ind.Code § 35–50–2–9 (1998).

■ Farber contends that subsection 9(k) requires the specified jury findings before the court may impose either death or life imprisonment without parole. We agree that subsection 9(k), read in isolation, supports Farber's claim. However, it is well settled that a statute must be read as a whole to avoid excessive reliance on a strict literal meaning or the selective reading of individual words. *See Collier v. Collier*, 702 N.E.2d 351, 354 (Ind.1998); *see also Park 100 Dev. Co. v. Indiana Dep't of State Revenue*, 429 N.E.2d 220, 222 (Ind.1981) (legislative intent as ascertained from the statute as a whole prevails over the strict literal meaning of any word or term). The same 1993 amendment that introduced present subsection (k)[2] with its usage of "impose" and the reference to jury findings, also retained the "recommendation" language of subsection (e) and the express statement that "[t]he court is not bound by the jury's recommendation." Pub.L. No. 250–1993, § 2, 1993 Ind. Acts 4482.[3] In addition, a subsequent amendment in 1994 restored to subsection (e) the following language that was removed by the 1993 changes: "The court shall make the final determination of the sentence,

---

1. The State correctly points out that this claim was available in Farber's first appeal, but not raised. Although failing to raise an issue that was known and available at the time of direct appeal is generally grounds for waiver, *see, e.g., Trueblood v. State*, 715 N.E.2d 1242, 1248 (Ind.1999), we choose to address Farber's claim on its merits because it is an issue of potential importance to other cases.

2. This subsection first appeared in 1993 as subsection (i) and was renumbered as (k) in 1995. *See Pub.L. No. 306–1995, § 1, 1995 Ind. Acts 4176.*

3. The 1993 amendment added life imprisonment without parole to the statute. The addition of life without parole was done by designating two new sub-subsections to subsection (e): "(1) the death penalty; or (2) life imprisonment without parole." These sections replaced "the death penalty" as the subject of the jury's recommendation previously governed by the standards of old sub-subsections (e)(1) and (e)(2). To avoid a subsection (e) with two pairs of sub-subsections (1) and (2), the pair formerly in subsection (e) were moved to a newly created subsection (i). *See Pub.L. No. 250–1993, § 2, 1993 Ind. Acts 4482.*

after considering the jury's recommendation, and the sentence shall be based on the same standards that the jury was required to consider." *See* Pub.L. No. 158–1994, § 7, 1994 Ind. Acts 1857.[4]

Farber points to subsection (k) and contends that it makes clear that a jury is required to make a specific finding that the State proved at least one statutory aggravator beyond a reasonable doubt before a sentence of death or life imprisonment without parole may be imposed. That result is, of course, inconsistent with the provision in subsection (e), reenacted in 1994, that the jury "recommends" and the trial court "make[s] the final determination of the sentence." It is also inconsistent with the provision in subsection (e), present since 1977 and reenacted in 1993 and 1994, that "[t]he court is not bound by the jury's recommendation." Thus, even the 1993 amendments that introduced the language now found in subsection (k) also required the trial court to make the ultimate decision.

 The goal of statutory construction is to determine and implement the intent of the legislature. *See Collier*, 702 N.E.2d at 354. The literal reading of section 9(k) urged by Farber, without reference to section 9(e), would elevate the jury's role in sentencing far above its long-standing role of making a nonbinding recommendation and would be in clear conflict with other subsections of the statute, including those more recently enacted. We are mindful of the obligation to construe penal statutes strictly, but we find the overall statutory framework to be clear. Notwithstanding the poor choice of words in subsection (k), in view of this legislative history and nearly two decades of decisional law interpreting subsection (e),[5] we think it is clear that the legislature has provided that the jury's role in capital (and more recently life without parole) sentencing has been and remains to make a nonbinding recommendation to the trial court. Accordingly, we hold that Indiana Code § 35–50–2–9(k) does not require juries to make a specific finding that the State has proved an aggravating circumstance beyond a reasonable doubt before trial courts are authorized to impose a sentence of death or life imprisonment without parole.

## Conclusion

The sentence imposed by the trial court is affirmed.

SHEPARD, C.J., and DICKSON and RUCKER, JJ., concur.

SULLIVAN, J., dissents with separate opinion.

4. The 1994 amendment was apparently a response to problems introduced by the 1993 amendment. First, the following language from the 1977 statute was omitted in the 1993 restatement of subsection (e): "The court shall make the final determination of the sentence, after considering the jury's recommendation, and the sentence shall be based on the same standards that the jury was required to consider." *See* Pub.L. No. 250–1993, § 2, 1993 Ind. Acts 4481. The 1994 amendment restored that phrase to subsection (e). *See* Pub.L. No. 158–1994, § 7, 1994 Ind. Acts 1857. Second, the 1993 amendment referred to the jury's finding the matters in sub-subsections (1) and (2), but ignored the possibility of a bench trial. The 1994 amendment added the requirement that these findings are to be made by the court if there is no jury.

5. For example, in *Bieghler v. State*, 481 N.E.2d 78, 86 (Ind.1985), this Court observed:
 There is no authority, however, for the proposition that juries who make recommendations to judges who then make the ultimate sentencing decision need make written findings adequate for review particularly where, as in our statutes, the trial judge operates as the ultimate sentencer rather than simply as a reviewer of the jury's recommendation. The trial judge is the only authority allowed by statute to determine the proper penalty which he or she does according to the standards prescribed by the statute.
 *See also Burris v. State*, 642 N.E.2d 961, 967 (Ind.1994) (rejecting argument that defendant could not be sentenced to death unless the jury made a specific finding of an aggravating circumstance).

SULLIVAN, Justice, dissenting.

The current requirements governing the imposition of a sentence of life imprisonment without parole after conviction by a jury are contained in two subsections of Indiana Code § 35–50–2–9 — subsections (e) and (k).

Subsection (e) provides that the jury may recommend life imprisonment without parole "only if it makes the findings described in subsection (k). The court shall make the final determination of the sentence, after considering the jury's recommendation ... The court is not bound by the jury's recommendation."

Subsection (k),[1] in turn, requires that, *"Before a sentence may be imposed under this section,* the jury, in a proceeding under subsection (e), ... must find that: (1) the state has proved behind a reasonable doubt that at least one of the aggravating circumstances listed in subsection (b) exists; and (2) any mitigating circumstances are outweighed by the aggravating circumstances." (The emphasized language was added to the statute in 1993.)

Farber contends that subsection (k) requires the jury to have made the two specified findings before the court may impose life imprisonment without parole. To the extent that Farber argues that the jury must make written findings adequate

for review, I agree with the majority in rejecting his argument.[2]

However, to the extent that Farber argues that the jury's recommendation must be consistent with such findings before the court may impose life imprisonment without parole, I agree. That is, I believe the statute does not require the jury to reduce to writing its findings that the State has met its burden with respect aggravating circumstances and that any mitigating circumstances are outweighed thereby — but the statute does require the jury to reach those conclusions in its deliberations before it can recommend, and before the court may impose, a sentence of life without parole.

This is highly significant in this case — the first case we have reviewed involving a crime committed after Indiana Code § 35–50–2–9 was amended in 1993 where a jury recommended against life without parole but the trial court nevertheless imposed that sentence.[3]

In the 1993 amendment, the legislature for the first time explicitly conditioned the imposition of a sentence under Indiana Code § 35–50–2–9 on the jury making the two findings: *"Before a sentence may be imposed under this section,* the jury ... must find that"* the state has met its burden with respect aggravating circumstances and that any mitigating circum-

1. Subsection (k) was designated subsection (i) at the time Farber committed the crime that is the subject of this appeal. The text is otherwise the same. Ind.Code § 35–50–2–9 (Supp.1994).

2. *See Bieghler v. State,* 481 N.E.2d 78, 86 (Ind.1985) ("no authority ... for the proposition that juries ... need make written findings" under Ind.Code § 35–50–2–9), *cert. denied,* 475 U.S. 1031, 106 S.Ct. 1241, 89 L.Ed.2d 349 (1986); *Burris v. State,* 642 N.E.2d 961, 967 (Ind.1994) (rejecting argument that a defendant could not be sentenced under Ind.Code § 35–50–2–9 unless the jury made a specific finding of aggravating circumstances), *cert. denied,* 516 U.S. 922, 116 S.Ct. 319, 133 L.Ed.2d 221 (1995). The crimes at issue in both the *Bieghler* and *Burris* cases occurred prior to the addition of subsec-

tion (k) to Indiana Code § 35–50–2–9. But the version of the statute in effect at the time of those crimes both contained language in subsection (e) providing that a "jury may recommend the death penalty only if it finds" that the state has met its burden with respect aggravating circumstances and that any mitigating circumstances are outweighed thereby. *See* Indiana Code § 35–50–2–9(e) (Supp.1981 (*Bieghler*) & Supp.1979 (*Burris*)). As such, this Court has previously decided that the jury findings discussed in Indiana Code § 35–50–2–9 need not be in writing.

3. Nor have we reviewed any cases involving a crime committed after the 1993 amendment where a jury recommended against death but the trial court nevertheless imposed that sentence.

stances are outweighed thereby. Indiana Code § 35–50–2–9(i),[4] as added by P.L. 250–1993, § 2. To repeat, the condition "[b]efore a sentence may be imposed under this section" was added to the statute in 1993 and we have never before been called upon to construe it. This language unambiguously conditions the imposition of a sentence of life without parole (a "sentence under this section") on the jury making the two required findings. Those findings need not be in writing but where, as here, the jury recommends against life without parole, the recommendation is contrary to the required findings and the condition is not met. As such, the sentence cannot be imposed.

The State argues that such a construction is inconsistent with the statutory language in subsection (e) noted above, namely, "The court is not bound by the jury's recommendation." With due regard for the rule of lenity,[5] I view these provisions to mean that a court may not impose a sentence of life without parole if the jury does not make the required two findings (and therefore recommends against life without parole) but that even where a jury does recommend a sentence of life without parole, the court is not bound by the jury's recommendation and may impose a term of years.

I would hold that by recommending against a sentence of life without parole, the jury in this case did not make the findings required by subsection (k). Because a jury must make such findings "[b]efore a sentence may be imposed under" Indiana Code § 35–50–2–9, the trial court was not authorized to impose a sentence of life without parole.

---

4. As noted in footnote 1, this subsection has been re-designated subsection (k).

5. *See Smith v. State*, 675 N.E.2d 693, 697 (Ind.1996) (penal statute must be strictly construed against the State); *Spangler v. State*, 607 N.E.2d 720, 723 (Ind.1993) (same); *Loftus v. State*, 222 Ind. 139, 143, 52 N.E.2d 488, 490 (1944) (same).