Christopher NICHOLSON, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 48S00–9907–CR–395.

Supreme Court of Indiana.

Sept. 13, 2000.

Rehearing Denied Oct. 23, 2000.

Patrick R. Ragains, Anderson, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

PER CURIAM

The appellant, Christopher Nicholson, appeals from his convictions and sentences on eight counts, including Murder and Robbery. These convictions and sentences were entered in connection with the stealing of a car and credit card and the confinement and murder of a single victim.

■ The trial court imposed sentences for both Murder and Felony Murder. As the State of Indiana, by its Attorney General, concedes, we have long held that such a sentence is impermissible where there is only one victim. The Felony Murder conviction should be vacated. *Franks v. State*, 262 Ind. 649, 656, 323 N.E.2d 221, 225 (1975); *Garrett v. State*, 714 N.E.2d 618, 621 (Ind.1999); Appellee's Br., p. 8.

■ Similarly, the State concedes the impropriety of the trial court imposing two sentences of Life Without Parole where there is only one victim. Appellee's Br., p. 8.

■ Further, and again as the State points out, a court cannot sentence a defendant to both a term of years and to Life Without Parole for the same offense. Appellee's Br., p. 9.

■ There are additional problems with the sentencing order. A sentence of Life Without Parole is imposed under the same standards and is subject to the same requirements as a capital sentence. Ind. Code § 35–50–2–9; *Ajabu v. State*, 693 N.E.2d 921, 936 (Ind.1998). In *Harrison v. State*, we held that the sentencing order in a capital case requires greater specificity than in other types of cases, and discussed those more stringent standards.

644 N.E.2d 1243, 1262 (Ind.1995). In *Farber v. State*, we remanded for resentencing where the trial court failed to meet the requirements of Ind.Code § 35–50–2–9 in imposing a sentence of Life Without Parole. 703 N.E.2d 151 (Ind.1998). As the State of Indiana additionally concedes, the sentencing order in this case does not comply with *Harrison*. Appellee's Br., p. 5.

The cause is remanded to the trial court for a new sentencing hearing and the entry of proper sentencing order, after which a new appeal may be taken in accordance with the procedures set out in a separately issued order.

All Justices concur.