## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 08 2017, 8:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Jack Quirk | Curtis T. Hill, Jr. |
| Muncie, Indiana | Attorney General of Indiana |
| | Michael Gene Worden |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Billy Stacy Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 8, 2017 <br><br> Court of Appeals Case No. <br> 18A02-1608-CR-1829 <br><br> Appeal from the Delaware Circuit Court <br><br> The Honorable John M. Feick, Judge <br><br> Trial Court Cause No. <br> 18C04-1412-F3-2 |

**Robb, Judge.**

# Case Summary and Issues

[1] Following a jury trial, Billy Stacy Jr. was convicted of rape, criminal confinement, battery, strangulation, and theft. He was also found to be an habitual offender. The trial court sentenced Stacy to an aggregate sentence of sixty-two years executed in the Indiana Department of Correction. Stacy appeals his sentence, raising two issues for our review: (1) whether the trial court abused its discretion in sentencing him, and (2) whether his sentence is inappropriate in light of the nature of the offenses and his character. However, we find an issue raised *sua sponte* to be dispositive: whether the trial court improperly sentenced Stacy. Concluding Stacy's sentence exceeds statutory authority, we reverse and remand.

# Facts and Procedural History

[2] Late in the evening on December 15, 2014, Stacy joined friends, including K.W., at a local bar and later returned to K.W.'s home where K.W. became extremely intoxicated. K.W. fell asleep and awoke to discover Stacy standing at the foot of the bed. Stacy then jumped on, struck, choked, and raped K.W. Thereafter, Stacy fled the home and stole a vehicle.

[3] On December 23, 2014, the State charged Stacy with rape as a Level 3 felony, criminal confinement as a Level 3 felony, battery as a Level 5 felony, strangulation as a Level 6 felony, and theft as a Level 6 felony. The State also

alleged he was an habitual offender. A jury found Stacy guilty as charged. The trial court then sentenced Stacy to an aggregate sentence of sixty-two years executed. Relevant here, the trial court sentenced Stacy to twenty years for the rape conviction and enhanced that sentence by eighteen years due to Stacy's status as an habitual offender. Stacy now appeals his sentence.

# Discussion and Decision

[4]     We *sua sponte* address the legality of Stacy's sentence. "A sentence that is contrary to or violative of a penalty mandated by statute is illegal in the sense that it is without statutory authorization. A sentence that exceeds statutory authority constitutes fundamental error." *Reffett v. State*, 844 N.E.2d 1072, 1073 (Ind. Ct. App. 2006) (citations omitted) (reversing and remanding to the trial court for resentencing after *sua sponte* discovering the trial court imposed an illegal sentence). Here, the trial court entered judgment of conviction on the crime of rape as a Level 3 felony. Indiana Code section 35-50-2-5(b)(2) provides a person who commits a Level 3 felony shall be imprisoned for a fixed term of between three and sixteen years, with the advisory sentence being nine years. In sentencing Stacy for rape as a Level 3 felony, the trial court ordered Stacy to serve twenty years, four years above the maximum sentence for a Level 3 felony. Therefore, Stacy's sentence is in excess of statutory authority. Because Stacy's sentence for rape is illegal and the trial court enhanced this sentence due to Stacy's habitual offender status, we reverse the sentence and

remand this case for re-sentencing in accordance with this opinion. For these reasons, we need not address the merits of Stacy's claims. *See id*. at 1073 n.3.

# Conclusion

The trial court improperly sentenced Stacy because it imposed a sentence exceeding statutory authority. Stacy's sentence is therefore reversed and we remand to the trial court for re-sentencing in accordance with this opinion.

Reversed and remanded.

Kirsch, J., and Barnes, J., concur.