## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 14 2017, 10:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Richard L. Fippen
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Richard L. Fippen, *Appellant-Defendant,* | November 14, 2017 |
| v. | Court of Appeals Case No. 35A02-1702-CR-451 |
| | Appeal from the Huntington Circuit Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Thomas M. Hakes, Judge |
| | Trial Court Cause No. 35C01-0802-FC-13 |

**Vaidik, Chief Judge.**

## Case Summary

Richard L. Fippen appeals the denial of his motion to correct erroneous sentence. We affirm.

## Facts and Procedural History

In February 2008, the State, under Cause No. 35C01-0802-FC-13 ("FC-13"), charged Fippen with Count I: Class C felony burglary, Count II: Class C felony operating a motor vehicle after lifetime suspension, and being a habitual offender. Thereafter, Fippen and the State entered into a plea agreement whereby Fippen would plead guilty to Count I and admit being a habitual offender and the State would dismiss Count II. According to the agreement, sentencing for Count I was "open . . . to the court" and there was "a cap of four (4) years on any initially executed sentence that might be imposed on the Habitual Offender Enhancement." Appellant's App. Vol. II p. 24. In addition, the parties would argue to the court whether Fippen's sentence in this case would run concurrent or consecutive to the sentence that he would receive in Cause No. 35C01-0802-FC-12 ("FC-12") (Class C felony receiving stolen auto parts).

In June 2008, the trial court sentenced Fippen to seven years for Count I, with two years suspended to probation. The court then enhanced that sentence by eight years for being a habitual offender, with four of those years suspended to probation. Finally, the court ordered Fippen's sentence in this case to be served consecutive to his two-year sentence in FC-12.

[4] In February 2017, Fippen, pro se, filed a motion pursuant to Indiana Code section 35-38-1-15 claiming that his sentence in FC-13 was erroneous and asking the court to correct it. Fippen, pro se, now appeals the denial of that motion.

# Discussion and Decision

[5] Fippen contends that the trial court erred in denying his motion to correct erroneous sentence. An inmate who believes that he has been erroneously sentenced may file a motion to correct his sentence pursuant to Indiana Code section 35-38-1-15:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

See *Neff v. State,* 888 N.E.2d 1249, 1251 (Ind. 2008). The purpose of Section 35-38-1-15 "is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." *Robinson v. State,* 805 N.E.2d 783, 785 (Ind. 2004). Accordingly, a motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. *Id.* at 787. Claims that require consideration of the proceedings before, during,

or after trial may not be presented by way of a motion to correct sentence. *Id.* Instead, sentencing errors that are not facially apparent must be addressed promptly on direct appeal and thereafter on post-conviction review. *Id.*

[6] Fippen does not argue that his burglary sentence is erroneous. Rather, he argues that his habitual-offender enhancement—eight years with four suspended to probation—is erroneous for two main reasons. First, he questions whether the prior convictions relied upon by the State validly establish that he is a habitual offender. This, however, is not a challenge to Fippen's habitual-offender **sentence** but rather an argument that he is not a habitual offender at all. Accordingly, it is not a proper subject for a motion to correct erroneous sentence.

[7] Second, Fippen argues that his habitual-offender enhancement is erroneous because it includes suspended time. Fippen cites *Howard v. State*, 873 N.E.2d 685, 690 (Ind. Ct. App. 2007), where we held that "where a criminal defendant receives an enhanced sentence under the habitual offender statute, such sentence may not be suspended." For that proposition, we relied on *Reffett v. State*, 844 N.E.2d 1072, 1074 (Ind. Ct. App. 2006), which in turn relied on *State v. Williams*, 430 N.E.2d 756 (Ind. 1982). *Williams* held that a habitual-offender enhancement could not be suspended according to the 1979 version of Indiana Code section 35-50-2-2, which provided: "The court may suspend any part of a sentence for a felony unless: (1) The person has a prior unrelated felony conviction." *Id.* at 758. But as recognized by this Court in *Bauer v. State*, 875 N.E.2d 744 (Ind. Ct. App. 2007), *trans. denied*, Section 35-50-2-2 underwent

numerous revisions after *Williams* was decided in 1982, and in 2007 it no longer contained the language used by the *Williams* Court to reach its holding.[1] Accordingly, the *Bauer* Court concluded that habitual-offender enhancements could be suspended.[2] *Id.* at 748. In light of this clarification, Fippen has failed to establish that the trial court erred, under the statutes in effect in 2008, by including suspended time in his habitual-offender enhancement. We therefore affirm the trial court's denial of his motion to correct erroneous sentence.

[8]     Affirmed.

Mathias, J., and Crone, J., concur.

---

[1] Section 35-50-2-2 was repealed effective July 1, 2014. Much of that statute was then recodified under Indiana Code section 35-50-2-2.2.

[2] Several years after *Bauer* was decided and Fippen committed the offense in this case, the legislature amended the habitual-offender statute, Indiana Code section 35-50-2-8, to provide that habitual-offender enhancements are "nonsuspendible." *See* P.L. 158-2013, § 661; *see also* Ind. Code Ann. § 35-50-2-8(i) (West Supp. 2016).