## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 23 2019, 6:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

Nathan Hummel
Westville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Nathan D. Hummel,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

August 23, 2019

Court of Appeals Case No.
19A-CR-743

Appeal from the Starke Circuit Court

The Honorable Kim Hall, Judge

Trial Court Cause No.
75C01-1112-FA-15

**Pyle, Judge.**

# Statement of the Case

Nathan Hummel ("Hummel"), pro se, appeals the trial court's order denying his motion to correct erroneous sentence. Hummel challenges the trial court's imposition of a consecutive sentence, arguing that the plea agreement did not specify a consecutive sentence. Because a motion to correct erroneous sentence is limited to correcting sentencing errors apparent on the face of the judgment and Hummel raises an issue outside of this context, we conclude that the trial court did not abuse its discretion by denying his motion to correct erroneous sentence.

We affirm.

# Issue

Whether the trial court abused its discretion by denying Hummel's motion to correct erroneous sentence.

# Facts

In December 2011, the State charged Hummel with Count 1, Class A felony dealing a narcotic drug; Count 2, Class B felony robbery; Count 3, Class B felony robbery (aiding, inducing, or causing); Count 4, Class C felony disarming an officer; Count 5, Class D felony resisting law enforcement; and Count 6, Class D felony criminal mischief. In 2012, Hummel entered into a plea agreement and pled guilty to an amended Count 1 and Counts 2, 3, and 4. In exchange, the State agreed to amend Count 1 from a Class A felony to a

Class B felony and to dismiss Counts 5 and 6. The plea agreement provided that "[t]he sentences in count II, count III, and count IV shall run concurrently." (App. 18).

[4] Thereafter, in May 2012, the trial court sentenced Hummel to fifteen (15) years for amended Count 1, ten (10) years for Count 2, ten (10) years for Count 3, and two (2) years for Count 4. The trial court ordered Counts 2, 3, and 4 to run concurrently and amended Count 1 to run consecutively to Counts 2, 3, and 4.

[5] Seven years later, in January 2019, Hummel filed a motion to correct erroneous sentence. In his motion, Hummel challenged the trial court's imposition of amended Count 1 running consecutively to Counts 2, 3, and 4. The trial court denied Hummel's motion to correct erroneous sentence. Hummel now appeals.

## Decision

[6] Hummel appeals the trial court's denial of his motion to correct erroneous sentence. We review a trial court's denial of a motion to correct erroneous sentence for an abuse of discretion, which occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Davis v. State*, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012).

[7] An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to INDIANA CODE § 35-38-1-15. *Neff v. State*, 888 N.E.2d 1249, 1250-51 (Ind. 2008). INDIANA CODE § 35-38-1-15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

"The purpose of the statute 'is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence.'" *Robinson v. State*, 805 N.E.2d 783, 785 (Ind. 2004) (quoting *Gaddie v. State*, 566 N.E.2d 535, 537 (Ind. 1991)).

[8] A statutory motion to correct erroneous sentence "may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority." *Robinson*, 805 N.E.2d at 787. "Such claims may be resolved by considering only the face of the judgment and the applicable statutory authority without reference to other matters in or extrinsic to the record." *Fulkrod v. State*, 855 N.E.2d 1064, 1066 (Ind. Ct. App. 2006). If a claim requires consideration of the proceedings before, during, or after trial, it may not be presented by way of a motion to correct erroneous sentence. *Robinson*, 805 N.E.2d at 787. "Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the 'facially erroneous' prerequisite should henceforth be strictly applied[.]" *Id.*

[9] Here, Hummel challenges the trial court's imposition of amended Count 1 running consecutively to Counts 2, 3, and 4. Specifically, he argues that his

"plea agreement does NOT call for consecutive sentences[.]" (Hummel's Br. 6). We agree with the State that resolution of this issue "required the trial court to consider the proceedings before trial because he asked the court to compare his plea agreement to his sentence." (State's Br. 6). Because the error Hummel alleges is not clear from the face of the sentencing order, it is not appropriate for a motion to correct erroneous sentence. *See Robinson*, 805 N.E.2d at 787. Accordingly, Hummel has failed to show that the trial court abused its discretion by denying his motion, and we affirm the trial court's judgment. *See, e.g., Bauer v. State*, 875 N.E.2d 744, 746 (Ind. Ct. App. 2007) (affirming the trial court's denial of the defendant's motion to correct erroneous sentence where the defendant's claims required consideration of matters in the record outside of the face of the judgment and were, accordingly, not the types of claims properly presented in a motion to correct erroneous sentence), *trans. denied*.

[10] Affirmed.

Robb, J., and Mathias, J., concur.