## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 23 2020, 9:36 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Aaron J. Stoll
The Law Office of Aaron J. Stoll, LLC
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Cory Richard Webster,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 23, 2020

Court of Appeals Case No.
20A-CR-398

Appeal from the Allen Superior Court

The Honorable Samuel R. Keirns, Magistrate

Trial Court Cause No.
02D04-1509-F5-246

**Pyle, Judge.**

# Statement of the Case

[1] Cory Richard Webster ("Webster") appeals from the trial court's order, in which the trial court revoked Webster's probation for using marijuana and failing to complete a drug abuse treatment program, ordered him to serve his one-year suspended sentence, and denied his motion to correct erroneous sentence. Webster does not challenge his probation revocation or imposition of his suspended sentence; instead, he challenges only the denial of his motion to correct erroneous sentence. The State raised a cross-appeal argument that Webster's appeal should be dismissed as untimely. We address Webster's challenge to the trial court's denial of his motion to correct erroneous sentence and conclude that the trial court did not abuse its discretion by denying his motion to correct erroneous sentence.

[2] We affirm.

# Issue

Whether the trial court abused its discretion by denying Webster's motion to correct erroneous sentence.

# Facts

[3] In September 2015, the State charged Webster with Level 5 felony burglary. In March 2016, Webster entered into a plea agreement with the State and pled guilty as charged. The parties agreed that Webster would receive a four (4) year sentence with three (3) years executed and one (1) year suspended to probation.

Additionally, the plea agreement indicated that the State had no objection to Webster serving his executed sentence on home detention or work release if eligible. The trial court took Webster's plea under advisement and referred the matter to Community Corrections to see if Webster would qualify for alternative sentencing.

[4] In May 2016, the trial court issued an order in which it accepted Webster's guilty plea, entered judgment of conviction, and sentenced Webster pursuant to the terms of the plea agreement. The trial court ordered Webster to serve the executed portion of his sentence in Community Corrections on home detention, and it ordered Webster, as a condition of probation, to pay restitution in the amount of $3,464.56.

[5] On February 22, 2017, less than one year into Webster's executed sentence, Community Corrections filed a petition to revoke Webster's home detention, alleging that Webster had violated home detention by: (1) committing the new offense of Class A misdemeanor unauthorized absence from home detention on February 18, 2017 and noting that he had pled guilty to that offense and had been sentenced to a sixty days in jail on February 20, 2017; (2) failing to report to a random drug screen on February 16, 2017; (3) having a positive drug screen for marijuana on February 3, 2017; and (4) failing to pay restitution and fees as required. A few days later, on February 28, 2017, Community Corrections filed an amended petition to revoke Webster's home detention, adding the allegation that Webster had violated home detention by having another positive drug screen for marijuana on February 18, 2017.

[6] The trial court held revocation hearings in March 2017, and Webster admitted to the allegations as contained in the revocation petitions. The trial court issued an order, in which it revoked Webster's home detention placement and ordered him to serve the remainder of his executed sentence on work release.

[7] On April 26, 2018, the sheriff filed a petition to revoke Webster's work release placement, alleging that Webster had violated the rules and conditions of work release by using "intoxicants" on multiple occasions and smoking inside the facility. (App. Vol. 2 at 86). The trial court held a revocation hearing in May 2018, and Webster admitted to the allegations contained in the revocation petition. The trial court found that Webster had violated the conditions of his work release placement. Webster was determined to be ineligible for placement in a community transition program, and the trial court ordered Webster to serve the remainder of his executed sentence in the Indiana Department of Correction.

[8] On September 13, 2018, Webster completed the executed portion of his sentence and began his probation. On May 22, 2019, Webster and the probation department filed a Stipulation of Probation Modification Agreement ("First Probation Modification Agreement"), in which the parties agreed that Webster would complete a substance abuse evaluation and any recommended treatment for his continued marijuana use. This First Probation Modification Agreement indicated that the parties had entered into the agreement in lieu of the probation department pursuing revocation proceedings, at that time, against Webster. Thereafter, on May 23, 2019, the trial court entered an order ("May

2019 Probation Agreement Order"), adopting the First Probation Modification Agreement.

[9] On September 3, 2019, Webster and the probation department filed a second Stipulation of Probation Modification Agreement ("Second Probation Modification Agreement"), in which the parties agreed that Webster's probation would be extended by one year. This agreement provided that "because [Webster had] failed to pay restitution in a timely manner, [he] hereby agree[d] to have [his] probation extended for one (1) year until September 13, 2020, or until [his] treatment [wa]s compl[e]ted and restitution [wa]s paid in full." (App. Vol. 2 at 59) (bold emphasis removed). This Second Probation Modification Agreement also indicated that the parties had entered into the agreement in lieu of the probation department pursuing revocation proceedings against Webster at that time. On September 10, 2019, the trial court entered an order ("September 2019 Probation Agreement Order"), in which the trial court adopted the parties' Second Probation Modification Agreement.

[10] Three months later, on December 13, 2019, Webster filed a pro se motion to correct erroneous sentence under INDIANA CODE § 35-38-1-15. In his motion, Webster challenged the trial court's September 2019 Probation Agreement Order. Specifically, he argued that the trial court had lacked statutory authority to enter that order because it extended his probationary period by one year without the filing of a petition to revoke his probation. On December 17, 2019, the trial court issued an order denying Webster's motion to correct erroneous sentence.

[11]     Shortly thereafter, on December 20, 2019, the State filed a petition to revoke Webster's probation, alleging that he had violated probation by: (1) continuing to use marijuana while in substance abuse treatment and that he had admitted to using marijuana on December 1, 2019; (2) failing to attend his required substance abuse treatment; (3) failing to pay restitution in a timely manner; and (4) failing to maintain full-time employment.

[12]     The trial court held a probation revocation hearing on January 28, 2020. At the beginning of the hearing, Webster brought up his motion to correct erroneous sentence that he had filed in December. The trial court noted that Webster had signed the Second Probation Modification Agreement and that, in doing so, he had agreed to have his probation extended by one year or until he had completed his drug treatment and had paid restitution in exchange for the State's agreement not to file a petition to revoke his petition at that time. The trial court denied Webster's motion to correct erroneous sentence and then moved on to the probation revocation portion of the hearing.

[13]     The trial court determined that Webster had violated his probation, as set forth in allegations (1) and (2) of the revocation petition, by using marijuana and failing to attend substance abuse treatment. The trial court issued an order ("January 2020 Probation Revocation Order"), revoking Webster's probation and ordering him to serve his one-year suspended sentence in the Indiana Department of Correction. In the order, the trial court also denied Webster's pro se motion to correct erroneous sentence.

[14] Webster now appeals. After Webster filed his Appellant's Brief in this appeal, the State filed a motion to dismiss this appeal. Webster filed a response to the State's motion. Our motions panel denied the State's motion to dismiss.

## Decision

[15] Webster appeals from the January 2020 Probation Revocation Order. He does not appeal the trial court's determination that he violated probation or its order for him to serve his suspended sentence. Instead, Webster challenges the part of the trial court's order in which it denied his motion to correct erroneous sentence. In doing so, Webster argues that the trial court erred by entering its September 2019 Probation Agreement Order in which it accepted the Second Probation Modification Agreement that Webster had entered with the probation department. Webster contends that he should have been given an opportunity to consult with an attorney before he entered into the Second Probation Modification Agreement. Webster asks this Court to reverse the trial court's denial of his motion to correct erroneous sentence and, in turn, the trial court's September 2019 Probation Agreement Order and to show that his probation ended in September 2019.

[16] The State cross appeals and renews its motion to dismiss. The State argues that Webster's appeal is untimely because the merits of Webster's appeal actually challenges the trial court's September 2019 Probation Agreement Order, and he did not file a timely notice of appeal following the trial court's entry of that order. The State also argues that, even if Webster's appeal is considered a challenge to the denial of his motion to correct erroneous sentence, he raises an

argument on appeal that is different from the argument contained in his motion to correct erroneous sentence.[1]

[17] In regard to the State's dismissal argument, we agree with the State that the substance of Webster's appellate argument is a collateral attack on the September 2019 Probation Agreement Order. However, we recognize that, procedurally, Webster appeals the part of the January 2020 Probation Revocation Order in which the trial court denied Webster's motion to correct erroneous sentence pursuant to INDIANA CODE § 35-38-1-15. Accordingly, we will review the trial court's order denying the motion to correct erroneous sentence.

[18] We review a trial court's denial of a motion to correct erroneous sentence for an abuse of discretion, which occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Davis v. State*, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012).

---

[1] Webster did not file a reply brief to respond to the State's cross-appeal argument. Instead, Webster filed a motion, requesting this Court to "incorporate the substance of his July 19th 2020 Response to Motion to Dismiss in lieu of additional briefing on the previously litigated issue." (Webster's Cross Appellee's Response). We direct Webster's attention to Appellate Rule 46(D), which provides that an Appellant is required to address arguments raised in a cross appeal in an Appellant's Reply Brief, which contains the required sections such as a summary of the argument and argument. *See* App. R. 46(D)(3) ("The appellant's reply brief *shall* address the arguments raised on cross-appeal."); App. R. 46(D)(5) ("A reply brief under this section *shall* contain a table of contents, table of authorities, summary of argument, argument, conclusion, word count certificate, if needed, and certificate of service.")

[19]     An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to INDIANA CODE § 35-38-1-15. *Neff v. State*, 888 N.E.2d 1249, 1250-51 (Ind. 2008). INDIANA CODE § 35-38-1-15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law *specifically pointing out the defect in the original sentence*.

(Emphasis added). "The purpose of the statute 'is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence.'" *Robinson v. State*, 805 N.E.2d 783, 785 (Ind. 2004) (quoting *Gaddie v. State*, 566 N.E.2d 535, 537 (Ind. 1991)).

[20]     A statutory motion to correct erroneous sentence "may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority." *Robinson,* 805 N.E.2d at 787. "Such claims may be resolved by considering only the face of the judgment and the applicable statutory authority without reference to other matters in or extrinsic to the record." *Fulkrod v. State*, 855 N.E.2d 1064, 1066 (Ind. Ct. App. 2006). If a claim requires consideration of the proceedings before, during, or after trial, it may not be presented by way of a motion to correct erroneous sentence. *Robinson*, 805 N.E.2d at 787. Such claims are best addressed on direct appeal or by way of a petition for post-conviction relief where applicable.

*Id.* "Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the "facially erroneous" prerequisite should henceforth be strictly applied[.]" *Id.*

[21] Here, Webster appeals from the trial court's denial of his motion to correct erroneous sentence, but he does not argue that there are sentencing errors that are clear from the face of the judgment or a defect in the original sentencing. Instead, Webster challenges the trial court's September 2019 Probation Agreement Order in which it accepted the Second Probation Modification Agreement, arguing that he should have been given an opportunity to consult with an attorney before he entered into the Second Probation Modification Agreement. Webster's argument challenging his modification agreement and the trial court's order accepting that agreement is not a proper claim for a motion to correct erroneous sentence. The error that Webster alleges is not clear from the face of the sentencing order and is not appropriate for a motion to correct erroneous sentence. *See Robinson*, 805 N.E.2d at 787. Because Webster has failed to show that the trial court abused its discretion by denying his motion, we affirm the trial court's judgment. *See, e.g.*, *Bauer v. State*, 875 N.E.2d 744, 746 (Ind. Ct. App. 2007) (affirming the trial court's denial of the defendant's motion to correct erroneous sentence where the defendant's claims required consideration of matters in the record outside the face of the judgment and were, accordingly, not the types of claims properly presented in a motion to correct erroneous sentence), *trans. denied.*

[22] Affirmed.

Kirsch, J., and Tavitas, J., concur.